IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER HOWARD WHITE,

             Plaintiff,                    No. 2:12-cv-2868 MCE AC P

      vs.

D. SMYERS, *et al.*,

             Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in

fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.

Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain

more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.

However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

2

1  defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

2  v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn

3  quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this

4  standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

5  and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

6  U.S. 232, 236 (1974).

7  A.      Misjoinder of Parties

8          In the lengthy complaint filed November 26, 2012, plaintiff brings claims against

9  29 named defendants and 14 Doe defendants for events occurring while plaintiff was housed at

10 California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California; Salinas

11 Valley State Prison ("SVSP") in Soledad, California; and, most recently, at High Desert State

12 Prison ("HDSP") in Susanville, California.  The thread tying these different defendants located

13 at different institutions together is their treatment (or lack thereof) of plaintiff's various medical

14 ailments, which include a Baker's cyst located in the back of his right knee, a job-related spinal

15 injury plaintiff suffered while housed at CSATF, and a failed August 11, 2009 total knee

16 replacement ("TKR") surgery plaintiff underwent while housed at SVSP.

17         Pursuant to Federal Rule of Civil Procedure 20(a), individuals may be joined in

18 one action as defendants if any right to relief asserted against them arises out of the same

19 transaction, occurrence, or series of transactions and occurrences, and any question of law or fact

20 common to all defendants will arise in the action.  See also George v. Smith, 507 F.3d 605, 607

21 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits").  If

22 unrelated claims are improperly joined, the court may dismiss them without prejudice.  Fed. R.

23 Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Fed. Prac. & Proc.

24 Civ. 3d § 1684 (2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir.

25 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those

26 defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

1    Plaintiff asserts that all of the defendants are properly joined in this suit because

2  their mistreatment of his medical problems forms a "continuing harm."  Having reviewed the

3  multiple claims asserted in the complaint, however, the court finds that they do not all arise from

4  the same transaction, occurrence, or series of transactions or occurrences.  While all of the

5  claims, generally, relate to the defendants' allegedly inadequate provision of medical care, each

6  claim arises out of different facts and circumstances and is materially different in nature from the

7  others.  The defendants' actions are also temporally separated from each other by years.

8    The court cannot allow plaintiff's unrelated claims to proceed in the same action.

9  See Fed. R. Civ. P. 20, 21.  The court will permit plaintiff to pursue in the current action only

10 those claims over which this court has jurisdiction – namely, claims brought against defendants

11 at HDSP.  Plaintiff's remaining claims will be dismissed without prejudice to plaintiff asserting

12 them in a separate action.

13 B.    Plaintiff's Claims

14    As to the remaining claims directed at staff located at or affiliated with HDSP,

15 plaintiff identifies 17 defendants by name and 14 Doe defendants.  These defendants include

16 Doctors Mayes, Lee, Rofling, Pomazal; Nurse Practitioners Tyler and Schmidt; Physical

17 Assistant Miranda; Doctor or Physical Assistant Lankford; Chief Medical Officer Swingle;

18 HDSP Chief Executive Officer Young; Appeals Staff Frazier and Garbutt; and Staff Services

19 Managers Shea, Aguila, Mules, and Milliken; and Chief of Inmate Appeals Zamora.

20    Plaintiff's claims against these defendants are as follows: (1) upon plaintiff's

21 arrival at HDSP on September 22, 2010, Miranda denied plaintiff medical care, falsified medical

22 reports, and confiscated medical devices previously issued to plaintiff; (2) between September

23 22, 2010 and October 13, 2010, plaintiff was not issued his prescribed pain medication, and

24 Tyler, Lankford, Miranda, and Lee failed to take corrective action regarding this issue; (3)

25 Mayes, Schmidt, and Rofling inadequately treated plaintiff's medical needs; (4) HDSP

26 defendants Miranda, Pomazal, Lee, Swingle, and Zamora reviewed plaintiff's inmate grievances

4

1  complaining of inadequate medical care and failed to take corrective medical action; (5) CPHCS

2  defendants Shea, Aguila, Nules, Milliken, and Zamora reviewed plaintiff's complaints of

3  deliberate indifference by California Department of Corrections and Rehabilitation ("CDCR")

4  medical personnel, including HDSP officials, and failed to take corrective medical action; (6)

5  defendants Frazier, Young, Swingle, and Zamora acted in conspiracy to thwart plaintiff's

6  administrative appeal exhaustion efforts by attempting to cover up the institution's failure to

7  timely return plaintiff's appeal following the second level of review and then by screening out

8  plaintiff's appeal at the third level of review as untimely; (7) defendant Garbutt and Zamora

9  violated plaintiff's due process rights by improperly responding to plaintiff's grievances; (8)

10  defendants Miranda, Mayes, Rofling, Schmidt, Swingle, and Pomazal discriminated against

11  plaintiff on account of his disability in violation of the Americans with Disabilities Act ("ADA")

12  when they improperly seized plaintiff's wheelchair and cane; and (9) defendants Miranda and

13  Swingle violated plaintiff's religious beliefs (plaintiff is a Jehovah's Witness) and need to

14  abstain from blood transfusions.

15          While the court finds many of plaintiff's allegations sufficient to state a claim, the

16  undersigned notes the following deficiencies.

17      1.    Claim Against Tyler, Lankford, Miranda, and Lee re: Prescription Medication

18          Plaintiff's claim that defendants Tyler, Lankford, Miranda, and Lee did not take

19  corrective action regarding HDSP staff's failure to administer prescription medication to plaintiff

20  upon his arrival at HDSP fails as conclusory.  Plaintiff does not present any facts that would lead

21  to the inference that these defendants were aware that plaintiff's prescription medication was not

22  being administered.  Insofar as plaintiff references exhibits attached to the complaint as the

23  source of the facts underlying this claim, the court notes that these exhibits number nearly 300

24  pages, and plaintiff is cautioned that it is the court's duty to evaluate the factual allegations

25  within a complaint, not to wade through exhibits to determine whether cognizable claims have

26  been stated.  Accordingly, this claim will be dismissed with leave to amend.

2.    <u>Conspiracy Claims Against Appeals Defendants</u>

Plaintiff spends a considerable portion of his complaint accusing those defendants involved in review of his inmate appeals – Frazier, Garbutt, Young, and Pomazal – of participating in a conspiracy to obstruct plaintiff's administrative appeal exhaustion efforts. These claims arise out of the defendants' alleged delay in returning a medical grievance plaintiff filed in which he requested adequate medical care.

To state a conspiracy claim under § 1983, a plaintiff must show (1) an agreement between the defendants to deprive the plaintiff of a constitutional right, (2) an overt act in furtherance of the conspiracy, and (3) a constitutional deprivation. <u>Garcia v. Grimm</u>, 2011 U.S. Dist. LEXIS 20522, at *24 (S.D. Cal. Mar. 2, 2011); <u>see also</u> <u>Gilbrook v. City of Westminster</u>, 177 F.3d 839, 856-57 (9th Cir. 1999).  "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy."  <u>United Steelworkers of Am. v. Phelps Dodge Corp.</u>, 865 F.2d 1539, 1541 (9th Cir. 1989).  Because conspiracies are secret agreements, "[a] defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions."  <u>Gilbrook</u>, 177 F.3d at 856-57.

To plead a claim of conspiracy under § 1983, plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights.  <u>Miller v. California</u>, 355 F.3d 1172, 1177 n.3 (9th Cir. 2004); <u>Woodrum v. Woodward County</u>, 866 F.2d 1121, 1126 (9th Cir. 1989).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand [dismissal]."  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982); <u>see</u> <u>Ostrer v. Aronwald</u>, 567 F.2d 551, 553 (2d Cir. 1977).

Courts in the Ninth Circuit have required a plaintiff alleging a conspiracy to violate civil rights to state specific facts to support the existence of the claimed conspiracy. <u>Olsen v. Idaho State Bd. of Medicine</u>, 363 F.3d 916, 929 (9th Cir. 2004) (discussing conspiracy

claim under § 1985); <u>Harris v. Roderick</u>, 126 F.3d 1189, 1195-96 (9th Cir. 1997) (applying

heightened pleading standard to <u>Bivens</u>[1] conspiracy claims); <u>Burns v. County of King</u>, 883 F.2d

819, 821 (9th Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights

under § 1983, the plaintiff must state specific facts to support the existence of the claimed

conspiracy."); <u>accord</u> <u>Bashkin v. Hickman</u>, 2008 U.S. Dist. LEXIS 4326, at *4 (S.D. Cal. Jan.

17, 2008).

   In the complaint filed here, plaintiff's allegations of conspiracy directed at

defendants Frazier, Young, and Zamora are conclusory, at best. <u>See</u>, <u>e.g.</u>, Compl. ¶ 141.

Plaintiff interprets the collective non-responsiveness of HDSP personnel to his grievances to be

evidence of conspiracy. This, however, without more, fails to meet the particularized factual

requirement for conspiracy claims. Accordingly, this claim will be dismissed with leave to

amend. Should plaintiff choose to reallege this claim, he shall set forth specific facts to support

the existence of the claimed conspiracy.

   3. <u>Due Process Claim</u>

   Plaintiff claims defendants Garbutt and Zamora violated plaintiff's due process

rights by improperly responding to plaintiff's grievances. Yet "[a prison] grievance procedure is

a procedural right only, it does not confer any substantive right upon the inmates." <u>Buckley v.</u>

<u>Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (<u>citing</u> <u>Azeez v. DeRobertis</u>, 568 F. Supp. 8, 10 (N.D.

Ill. 1982)); <u>see</u> <u>also</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in

processing of appeals because no entitlement to a specific grievance procedure); <u>Massey v.</u>

<u>Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty

interest on prisoner); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not

give rise to a protected liberty interest requiring the procedural protections envisioned by the

Fourteenth Amendment." <u>Azeez</u>, 568 F. Supp. at 10; <u>Spencer v. Moore</u>, 638 F. Supp. 315, 316

---

  [1] <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).

1   (E.D. Mo. 1986).  Actions in reviewing a prisoner's administrative appeal cannot serve as the

2   basis for liability under a section 1983 action.  Buckley, 997 F.2d at 495.  Thus, since he has

3   neither a liberty interest, nor a substantive right in inmate appeals, plaintiff fails to state a

4   cognizable claim for the processing and/or reviewing of his inmate appeal by Garbutt and

5   Zamora, and plaintiff's claims regarding the inmate appeals process shall be dismissed.

6        4.    <u>Americans with Disabilities Act Claim</u>

7        Pursuant to Title II of the ADA, "no qualified individual with a disability shall, by

8   reason of such disability, be excluded from participation in or be denied the benefits of the

9   services, programs, or activities of a public entity, or be subjected to discrimination by any such

10  entity."  42 U.S.C. § 12132.  To state a claim under 42 U.S.C. § 12132, a plaintiff must allege

11  that (1) he is "an individual with a disability," (2) he is "otherwise qualified to participate in or

12  receive the benefits of some public entity's services, programs, or activities," (3) he was "either

13  excluded from participation in or denied the benefits of the public entity's services, programs, or

14  activities, or was otherwise discriminated against by the public entity," and (4) the exclusion,

15  denial, or discrimination was "by reason of" his disability.  See McGary v. City of Portland, 386

16  F.3d 1259, 1265 (9th Cir. 2004) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002))

17  (internal quotes omitted).

18       The ADA authorizes suits by private citizens for money damages against public

19  entities, Unites States v. Georgia, 546 U.S. 151, 153 (2006), and Title II of the ADA

20  "unmistakably includes state prisons" as covered public entities.  Pennsylvania Dept. of Corrs. v.

21  Yeskey, 524 U.S. 206, 210 (1998).  Further, medical care is "one of the 'services, programs, or

22  activities' covered by the ADA."  Kiman v. N.H. Dept. of Corrs., 451 F.3d 274, 284 (1st Cir.

23  2006).  The "alleged deliberate refusal of prison officials to accommodate [a prisoner's]

24  disability-related needs in such fundamentals as ... medical care ... constitutes exclusion from

25  participation in or ... denial of the benefits of the prison's services, programs, or activities."

26  Georgia, 546 U.S. at 157.

8

1    While evidence of discriminatory medical care can constitute a claim under the

2    ADA, claims based solely on provision of inadequate or negligent medical care are not

3    cognizable under the ADA.  See Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1021-22 (9th

4    Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment

5    for disability."); see also Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1997) ("The ADA does

6    not create a remedy for medical malpractice."); Marlor v. Madison Cty., Idaho, 50 F. App'x 872,

7    873 (9th Cir. 2002) ("Inadequate medical care does not provide a basis for an ADA claim unless

8    medical services are withheld by reason of a disability").  However, a plaintiff may have a valid

9    claim under the ADA where he can show that defendant "discriminated against [him] because of

10   his [disability], not by providing him with inadequate care, but by denying him immediate access

11   to prescribed medications[.]"  McNally v. Prison Health Servs., 46 F. Supp. 2d. 49, 58-59 (D.

12   Me. 1999).

13   Here, plaintiff accuses defendants Miranda, Mayes, Schmidt, Rofling, Swingle,

14   and Pomazal of violating the ADA by refusing and/or failing to secure a wheelchair and/or

15   specialized back brace and other in-prison accommodations for his disabilities.  "'Title II of the

16   ADA prohibits discrimination in programs of a public entity or discrimination by any such

17   entity.'"  Roundtree v. Adams, 2005 WL 3284405, at *8 (E.D. Cal. Dec.1, 2005) (quoting

18   Thomas v. Nakatani, 128 F. Supp. 2d 684, 691 (D. Haw. 2000)).  "The ADA defines 'public

19   entity' in relevant part as 'any State or local government' or 'any department, agency, special

20   purpose district, or other instrumentality of a State or States or local government.'"  Roundtree,

21   2005 WL 3284405, at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)).  Public entity, "'as it is defined

22   within the statute, does not include individuals.'"  Id. (quoting Alsbrook v. City of Maumelle,

23   184 F.3d 999, 1005 n.8 (8th Cir. 1999)).  Therefore, individual liability is precluded under Title

24   II of the ADA, and any claim a plaintiff might intend to make under the ADA against an

25   individual defendant is not cognizable.

26   ////

To the extent that plaintiff has named these defendants in both their individual and official capacities, the court will proceed with plaintiff's ADA claim against defendant Chief Medical Officer Swingle in his official capacity because a suit against an individual in his official capacity is considered to be a suit against the entity of which the officer is an agent.  See Kentucky v. Graham, 473 U.S. 159, 165 (1985).   There does not appear to be a reason to have the other named defendants proceed as a stand-in for HDSP.

       5.    Religious Freedom Claim

Plaintiff's religious freedom claim is also so vague and conclusory that the court is unable to determine whether it is frivolous or fails to state a claim for relief.  This claim will also be dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

10

1              Finally, the federal rules contemplate brevity.  See Galbraith v. County of Santa

2 Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now

3 disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)");

4 Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's

5 claims must be set forth in short and plain terms, simply, concisely and directly.  See

6 Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a

7 simplified pleading system, which was adopted to focus litigation on the merits of a claim.");

8 Fed. R. Civ. P. 8.  Plaintiff must not include any preambles, introductions, argument, speeches,

9 explanations, stories, griping, vouching, evidence, attempts to negate possible defenses,

10 summaries, and the like.  McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming

11 dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton,

12 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil

13 Procedure is fully warranted" in prisoner cases).  The court (and defendants) should be able to

14 read and understand plaintiff's pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long,

15 rambling pleading including many defendants with unexplained, tenuous or implausible

16 connections to the alleged constitutional injury, or joining a series of unrelated claims against

17 many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and

18 an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these

19 instructions.

20              In accordance with the above, IT IS HEREBY ORDERED that:

21          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

22          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

23 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

24 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

25 Director of the California Department of Corrections and Rehabilitation filed concurrently

26 herewith.

1      3.  Plaintiff's claims arising before his arrival at HDSP on September 22, 2010 are

2 dismissed without prejudice to their renewal in a separate action;

3      4.  Plaintiff has the option as to how to proceed with this action.  He may either

4 proceed with the complaint as screened in this order, or he can file an amended complaint within

5 thirty days from the date of this order.  If plaintiff chooses to amend his complaint, he shall

6 complete the attached Notice of Amendment and submit the following documents to the court:

7           a.  The completed Notice of Amendment; and

8           b.  An original and one copy of the Amended Complaint.

9 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

10 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

11 bear the docket number assigned to this case and must be labeled "Amended Complaint."

12      Plaintiff is reminded that an Amended Complaint must be limited to claims

13 arising from his custody at HDSP.

14      If the court does not receive an amended complaint within thirty days of the date

15 of this order, the court will construe plaintiff's failure to file an amended complaint as consent to

16 dismissal of all deficient claims identified in this order without prejudice.

17 DATED: December 12, 2012.

18

19      `

ALLISON CLAIRE

20 UNITED STATES MAGISTRATE JUDGE

21

22

23 /mb;whit2868.dism.lta

24

25

26

12

1
2
3
4
5
6
7              IN THE UNITED STATES DISTRICT COURT
8            FOR THE EASTERN DISTRICT OF CALIFORNIA
9
10
11   WALTER HOWARD WHITE,
12            Plaintiff,              No. 2:12-cv-2868 MCE AC P
13       vs.
14   D. SMYERS, *et al.*,
15            Defendants.            <u>NOTICE OF AMENDMENT</u>
16   _____/
17            Plaintiff hereby submits the following document in compliance with the court's
18   order filed _____:
19            _____      Amended Complaint
20   DATED:
21
22                                   _____
23                                   Plaintiff
24
25
26

                                   13