IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER HOWARD WHITE,

       Plaintiff,             No. 2:12-cv-2868 MCE AC P

    vs.

D. SMYERS, *et al.*,

       Defendants.        <u>ORDER</u>

_____/

       Plaintiff is a prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983. In the complaint filed November 26, 2012, plaintiff presents a number of claims against a host of defendants, including medical personnel at High Desert State Prison ("HDSP") in Susanville, California where plaintiff is currently housed, related to the failure to provide adequate medical care for a Baker's cyst located in the back of plaintiff's right knee, a job-related spinal injury, and a failed 2009 total knee replacement ("TKR") surgery plaintiff underwent while housed at another institution. Pending before the court is plaintiff's November 26, 2012 ex parte motion for a temporary restraining order.

       In the instant motion, plaintiff seeks an order directing defendants to provide him with a pillow to support his back and neck; a back brace; a wheelchair; effective pain

1

medication; adequate post-operative care following a future knee replacement surgery to correct

the failed 2009 TKR; the removal of all allegedly fabricated medical reports from his file; and a

chrono limiting the amount of time he can stand, sit and lie down flat.  Plaintiff also seeks an

order directing prison staff "to secure honesty in the authoring of medical reports" and in

reviewing medical request forms.  Lastly, plaintiff seeks an order directing the doctor who will

perform plaintiff's knee replacement surgery to send the faulty knee implant that is to be

replaced to another location or expert or law firm for a products liability action that plaintiff

intends to file in the future.  Plaintiff claims that without the relief requested in this motion, he

will suffer irreparable harm because of the nature of his injuries and loss of function and

movement.

　　　　　The legal principles applicable to requests for injunctive relief, such as a

temporary restraining order or preliminary injunction, are well established.  To prevail, the

moving party must show either a likelihood of success on the merits of the underlying

controversy and the possibility of irreparable injury, or that serious questions are raised and the

balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v.

Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762

F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale

with the focal point being the degree of irreparable injury shown.  See Oakland Tribune, 762

F.2d at 1376.  Under any formulation of the test, however, the moving party must demonstrate

that there exists a significant threat of irreparable injury.  See id.  In the absence of a significant

showing of possible irreparable harm, the court need not reach the issue of likelihood of success

on the merits.  See id.  The loss of money, or an injury whose measure of damages can be

calculated in terms of money, will not be considered irreparable.  See id. at 1334-35.

　　　　　The standard for a temporary restraining order is essentially the same.  The

purpose in issuing a temporary restraining order is to preserve the status quo pending a more

complete hearing.  The cases contain limited discussion of the standards for issuing a temporary

restraining order due to the fact that very few such orders can be appealed prior to the hearing on

a preliminary injunction.  It is apparent, however, that requests for temporary restraining orders

are governed by the same general standards that govern the issuance of a preliminary injunction.

See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist,

J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir.

1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368

(S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the

balance of hardships because the merits of a controversy are often difficult to ascertain and

adjudicate on short notice.

On review of plaintiff's motion, the court determines that a number of plaintiff's

requests for injunctive relief fail outright.  Plaintiff's request, for example, for an order directing

the doctor who is scheduled to perform plaintiff's knee replacement surgery to dispose of the

2009 faulty knee implant in a specific manner should be denied as this request bears no

relationship to the claims presented in plaintiff's complaint.  Furthermore, the court is unable to

issue an order against individuals who are not parties to a suit pending before it, and the doctor

who is scheduled to perform plaintiff's knee replacement surgery is not named in this action.

See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Next, plaintiff's

request that the court order defendants to "secure honesty in the authoring of medical reports"

and reviewing medical appeals and request forms fails on the ground that public officials are

already under a duty to perform their public services honestly.  Third, plaintiff's request that he

be provided adequate post-operative care will be denied because, per paragraph 182 of his

complaint, plaintiff is already scheduled to receive post-operative care, and plaintiff's difference

of opinion concerning what constitutes appropriate treatment or care cannot be the basis of an

Eighth Amendment violation.  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  Fourth, as

to plaintiff's request for adequate pain medication, plaintiff admits in his affidavit in support of

his motion that in early 2012 he has been re-prescribed pain medication previously denied.

1   While the dosage is lower than what he had been prescribed at other institutions, the court

2   reiterates that plaintiff's opinion regarding a different course of treatment cannot be the basis of

3   an Eighth Amendment violation.  Id.  And, finally, regarding plaintiff's request for a chrono

4   limiting the amount of time he can stand, sit and lie down flat in light of his spinal injury,

5   plaintiff has not shown that he has ever been determined to need this or a similar chrono, that

6   any such or similar chrono is or has been threatened to be taken away by the named defendants,

7   or that he will suffer irreparable harm absent this chrono.  Although plaintiff does assert that he

8   will suffer pain in the absence of a chrono, plaintiff has admitted that a substantial portion of his

9   back pain, which affects his sitting and standing, is relieved with the assistance of a back brace.

10              As to plaintiff's remaining requests, the court finds it necessary to convert the

11   instant motion into a motion for a preliminary injunction.  Because the material facts regarding

12   prison conditions are rarely presented comprehensively by a plaintiff's complaint alone, and

13   because the entry of temporary restraining orders can rarely be adapted to the relief that

14   prisoners seek in court even if that relief is ultimately found to be warranted, and finally, because

15   orders "shot from the hip" are rarely compliant with the deference owed prison administrators,

16   the undersigned will ask for further briefing.

17              Accordingly, IT IS HEREBY ORDERED that defendants are to respond to

18   plaintiff's November 26, 2012 motion for temporary restraining order, which the court converts

19   to a motion for a preliminary injunction, within 20 days of the date of this order.  Specifically,

20   defendants shall address plaintiff's requests for a pillow to support his back and neck, a back

21   brace, and a wheelchair.  The court will reserve issuing a recommendation regarding plaintiff's

22   November 26, 2012 motion pending the filing of a response by defendants.

23   DATED: December 12, 2012.

24

25                                      _____
                                        ALLISON CLAIRE
26   /mb;whit2868.tro                   UNITED STATES MAGISTRATE JUDGE