UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER HOWARD WHITE,<br><br>    Plaintiff,<br><br>    v.<br><br>D. SMYERS, et al.,<br><br>    Defendants. | No.  2:12-cv-2868 MCE AC P<br><br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed December 13, 2012, plaintiff's original complaint was dismissed with leave to file an amended complaint.  Plaintiff's first amended complaint is before the court.

The first amended complaint states cognizable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) as follows:

(1) Deliberate indifference to serious medical needs in violation of the Eighth Amendment, against defendants Miranda, Mayes, Schmidt, Lee, Pomazal, Rofling, Lankford, and Swingle; and

(2) Violation of the Americans with Disabilities Act ("ADA"), against defendant Swingle in his official capacity.

////

1

As discussed in the court's previous screening order, the ADA authorizes suits by private citizens for money damages against public entities only; individual liability is precluded. See ECF No. 11 at 8-10. Accordingly, plaintiff shall proceed with his ADA claim against defendant Swingle in his official capacity only. Defendant Swingle is the Chief Medical Officer at High Desert State Prison. There is no need for plaintiff's ADA claim to proceed against any other named defendant.

In addition, the first amended complaint fails to state a cognizable claim under the First Amendment. To prevail under section 1983 with a claim for a violation of the Free Exercise Clause, a prisoner must allege facts plausibly showing that the defendants denied him a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts. Cruz v. Beto, 405 U.S. 319, 322 (1972). The Free Exercise Clause is implicated only when a prison practice burden's an inmate's sincerely-held religious beliefs. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). If a prison regulation "substantially burden[s]" a prisoner's exercise of religion, then the regulation must serve a "compelling governmental interest" and must be the "least restrictive means of furthering that" interest. See 42 U.S.C. § 2000bb-1; Malik v. Brown, 71 F.3d 724, 729 (9th Cir. 1995).

In his first amended complaint, plaintiff alleges that he has a religious need to abstain from blood transfusions. ECF No. 23 at 14. On October 15, 2012, a contracted orthopedic physician told plaintiff that his religious need to abstain from blood transfusions would be accommodated with a blood-transfusion-alternative, if necessary, during his knee surgery. Id.

On December 5, 2012, plaintiff visited the contract orthopedic surgeon for knee surgery, however, the surgeon told him that he would have to receive blood in the event of any blood loss. Id. at 15. Plaintiff told the surgeon he would not undergo surgery without a blood-transfusion alternative. Id. The surgeon told plaintiff he was being "too difficult" and declined to proceed with the surgery. Id. The surgeon recommended to HDSP officials that plaintiff follow up with another orthopedic surgeon. Id. Defendants Schmidt, Rofling and Swingle failed to ensure that plaintiff saw another orthopedic specialist. Id. Plaintiff states that his cause of action for

"religious discrimination" is brought against defendants Miranda and Swingle. Id. at 16.

Plaintiff has adequately alleged that abstention from receiving blood is a sincerely-held religious belief. He has not, however, adequately alleged facts plausibly showing that any named defendant burdened his right to abstain from receiving blood. To the extent he alleges that any of defendants failed to ensure that he saw another orthopedic specialist for medical treatment, such allegations are actionable under the Eighth Amendment, rather than the First Amendment. A conclusory allegation that the alleged deprivation of treatment was based on "religious discrimination" will not suffice to state a cognizable claim under the Free Exercise Clause. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of his claims brought under the Eighth Amendment and the ADA. In accordance with the above, IT IS RECOMMENDED that:

1. Service is appropriate for defendants Miranda, Mayes, Schmidt, Lee, Pomazal, Rofling, Lankford, and Swingle;

2. This case proceed on plaintiff's first amended complaint filed July 15, 2013 (ECF No. 23) on plaintiff's claims for violations of the Eighth Amendment by each defendant named in (1) above, and on a claim under the ADA against defendant Swingle in his official capacity.

3. All other defendants and claims should be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

////

////

time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 27, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:ls//whit2868.1.amd