UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER HOWARD WHITE, | No. 2:12-cv-2868 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| D. SMYERS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983.

On August 28, 2013 this court screened plaintiff's first amended complaint and issued findings and recommendations concluding that the complaint stated cognizable claims under the Eighth Amendment and the ADA. ECF No. 24. Plaintiff was granted a 45 day extension of time to file written objections with the court. ECF No. 26. Rather than filing objections, plaintiff filed a series of motions on November 27, 2013 that are currently pending before the court. See ECF Nos. 27-29.

In his "motion requesting clarification from the Court regarding properly named defendants," plaintiff seeks to understand the legal basis for the court's recommendation to limit liability under the ADA to defendant Swingle, the Chief Medical Officer at High Desert State Prison. ECF No. 27, at 2. Plaintiff's motion appears to be based not on a misunderstanding of

the court's August 28, 2013 findings and recommendations, but a disagreement with its conclusion.  In this respect, the motion is more appropriately styled as objections to the findings and recommendations, and is denied without prejudice to filing such formal objections.

    On November 27, 2013, plaintiff filed a motion for leave to file a second amended complaint.  ECF No. 28.  Plaintiff's motion was not, however, accompanied by a proposed second amended complaint.  In the motion, plaintiff seeks to cure several deficiencies he identified "on or about November 13, 2013 following review of the First Amended Complaint and relevant ADA case law…."  ECF No. 28 at 2.  First, plaintiff seeks to specify "exactly what 'activities, services or programs' he was deprived access to" as a result of his disability.  ECF No. 28 at 5.  However, no such deficiency was noted in this court's August 28, 2013 Findings and Recommendations regarding the first amended complaint.  The court found that plaintiff stated a cognizable claim under the ADA against defendant Swingle in his official capacity.  See ECF No. 24, at 1-2.  Therefore, this is not an adequate basis for amending his complaint.

    With respect to plaintiff's asserted violation of his First Amendment rights, plaintiff seeks to cure his first amended complaint by showing that he was denied a reasonable opportunity to pursue his faith compared to the opportunity afforded fellow prisoners.  ECF No. 28 at 5.  This was not the noted deficiency in petitioner's free exercise claim.  See ECF No. 24, at 2-3.  Plaintiff failed to "adequately allege[] facts plausibly showing that any named defendant burdened his right to abstain from receiving blood" on the basis of his beliefs as a Jehovah's Witness.  Id.  Nowhere in the body of plaintiff's motion to amend does he state how he intends to cure the defect that was identified by the court.  Therefore, the purported second amended complaint would still be deficient.

    Plaintiff also seeks leave to amend his first amended complaint by including a claim against the Receiver himself for damages and injunctive relief.  ECF No. 28 at 5.  Based on the underlying allegations concerning the failure to provide adequate medical care, it appears that plaintiff is referring to the federal receiver appointed by the United States District Court for Northern District of California in *Plata v. Schwarzenegger, et al.,* Case No. C-01-1351-TEH

1  (N.D.Cal. Jan. 23, 2008).[1]  Upon his appointment in 2008, "[t]he Receiver and his staff [were]
2  granted] the status of officers and agents of [the Plata Court], and as such [were] vested with the
3  same immunities as vest with [the Plata] Court."  Plata, (Feb. 14, 2006 Order Appointing
4  Receiver).  Those judicial immunities extend to immunity from suit.  See Pierson v. Ray, 386
5  U.S. 547, 553–54 (1967) ("Few doctrines were more solidly established at common law than the
6  immunity of judges from liability for damages for acts committed within their judicial jurisdiction
7  ....");  see also Coleman v. Schwarzenegger, 2007 WL 4276554 (E.D.Cal. Nov. 29, 2007) (holding
8  that a receiver who was "imbued with the power and authority to act in the name of the Court as
9  the Court's officer" had judicial immunity).  As long as the receiver exercised discretionary
10 judgment in the performance of his duties, he is entitled to immunity.  In re Castillo, 297 F.3d
11 940, 949 (9th Cir. 2002) (quasi-judicial immunity).  Therefore, any attempt to amend plaintiff's
12 complaint to name the Plata receiver as an additional defendant would be futile.

13       Under Ninth Circuit case law, district courts are only required to grant leave to amend if a
14 complaint can possibly be saved.  Doe v. United States, 58 F.3d 494 (9th Cir. 1995).  Courts are
15 not required to grant leave to amend if a complaint lacks merit entirely.  Lopez v. Smith, 203 F.3d
16 1122, 1129 (9th Cir. 2000); see also Smith v. Pacific Properties and Development Corp., 358 F.3d
17 1097, 1106 (9th Cir. 2004).  Accordingly, the motion for leave to file a second amended
18 complaint is denied.

19       Plaintiff also filed a motion to stay the proceedings pending resolution of his motion to
20 amend.  ECF No. 29.  To the extent that the motion seeks leave to file a second amended
21 complaint it will be denied for the reasons stated above.  To the extent the motion requests a
22 second extension of time to file objections to the court's August 28, 2013 findings and
23 recommendations, it will be granted.  Plaintiff requests an additional ninety day extension of time.
24 See ECF No. 29 at 1.  However, plaintiff has already been granted one forty-five day extension of

---

[1] The court hereby takes judicial notice of docket entries in Plata v. Schwarzenegger, et al., Case No. C-01-1351-TEH  (N.D.Cal. Jan. 23, 2008).  See United States v. Wilson, 631 F.2d 118 (9th Cir. 1980) (stating that "a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.");  Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (emphasizing that a court may take judicial notice of matters of public record pursuant to Rule 201(b) of the Federal Rules of Evidence).

time which expired on November 25, 2013.  See ECF No. 26.  Plaintiff will be granted one last thirty day extension of time to file any objections.  No further extensions of time shall be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion requesting clarification (ECF No. 27) is denied without prejudice to filing formal objections to the court's August 28, 2013 Findings and Recommendations.

2. Plaintiff's motion for leave to file a second amended complaint (ECF No. 28) is denied without prejudice.

3. Plaintiff's motion to stay proceedings (ECF No. 29) is denied in part, and granted in part.  To the extent that the motion seeks an extension of time to file objections to this court's August 28, 2013 Findings and Recommendations, the motion is granted.

4. Plaintiff shall file any objections within thirty days from the date of this order.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

DATED: December 10, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE