UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER HOWARD WHITE, | No. 2:12-cv-02868 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| D. SMYERS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Currently pending before the court is plaintiff's motion for a temporary restraining order filed on June 2, 2014 and plaintiff's motion to temporarily remove the undersigned magistrate judge pending adjudication of the motion for a restraining order. See ECF Nos. 39, 42. The court will address plaintiff's motion to recuse the undersigned in this order.

I.     Motion for Recusal

In his motion, plaintiff contends that the prior ruling on plaintiff's 2012 motion for a temporary restraining order issued by the undersigned demonstrates that she is prejudiced against plaintiff and cannot therefore impartially rule on the pending motion for a temporary restraining order. ECF No. 42 at 5-6. Specifically, plaintiff indicates that the undersigned initially ordered

1

the defendants to respond to the 2012 motion for a restraining order even though they had not yet filed an appearance in the case, but then denied the motion as moot since plaintiff had been transferred out of High Desert State Prison, without requiring any response from defendants. Id. at 4-6. Plaintiff argues that the evidence he tendered with the first motion for a restraining order met the legal standard for relief and that it should have been granted. Id. at 6-9.

II.     Governing Legal Standard

Under 28 U.S.C. § 144, if "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, ... [he] shall proceed no further...." Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008). Under 28 U.S.C. § 455(a), "[a]ny ... judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Id. Under both recusal statutes, the substantive standard is "'[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Id. (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)). Under 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.

III.    Analysis

Plaintiff's motion for recusal must be denied because a judge's rulings while presiding over a case do not constitute extra-judicial conduct. See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1548 (9th Cir. 1988). All of plaintiff's allegations stem from the prior rulings made by Magistrate Judge Allison Claire while presiding over the present case. Plaintiff's disagreement with the court's ruling on his prior motion for a temporary restraining order is not a legitimate ground for seeking recusal, and plaintiff's motion shall be denied.

////

////

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to temporarily unassign the undersigned from this action (ECF No. 42) is denied.

DATED: June 12, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE