UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER HOWARD WHITE, | No. 2:12-cv-02868 MCE AC P |
| Plaintiff, | |
| v. | ORDER AND AMENDED FINDINGS & RECOMMENDATIONS |
| D. SMYERS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Currently pending before the court is plaintiff's motion for a temporary restraining order filed on June 2, 2014. ECF No. 39.

I.   Factual and Procedural History

In his first amended complaint, plaintiff alleged that various medical staff at High Desert State Prison ("HDSP") were deliberately indifferent to his serious medical needs while he was housed there between September 22, 2010 and March 27, 2013. ECF No. 23 at 2. Plaintiff required ongoing medical treatment for a spinal condition, a Baker's cyst on his right knee, as well as an additional surgery to repair a total knee replacement that had previously been done without success. ECF No. 23 at 3-4.

In his motion for a temporary restraining order, plaintiff requests an order to force High

1

1  Desert State Prison officials to schedule the total knee revision surgery called for by the last
2  orthopedic surgeon within 15 days of his transfer back to that facility.  ECF No. 39 at 4.  Based
3  on his allegations of prior medical mistreatment at HDSP, plaintiff further requests that the court
4  order HDSP officials to afford him with proper post-operative care for his knee and that they not
5  take away his wheelchair.  Id.  Absent such order, plaintiff contends that he will suffer
6  irreparable harm.  Id.  All of plaintiff's requests are based on "the demonstrated probability" that
7  CDCR officials are planning on returning plaintiff to HDSP to finish out the last 36 months of his
8  prison sentence.  ECF No. 39 at 2.

9       On June 17, 2014, the undersigned issued Findings and Recommendations on plaintiff's
10 motion for a temporary restraining order based on the exhibits that were attached to his motion.
11 ECF No. 45.  The court recommended denying the motion based on the speculative nature of
12 plaintiff's transfer back to HDSP.  See ECF No. 45 at 5.  On July 14, 2014 plaintiff filed
13 objections to these Findings and Recommendations along with evidence presented for the first
14 time indicating that a Classification Staff Representative or "CSR" endorsed plaintiff for transfer
15 back to HDSP.  ECF No. 51 at 17.  This new evidence is dated May 15, 2014, prior to the filing
16 of plaintiff's motion for a temporary restraining order.  Id.  Although plaintiff claims that this new
17 evidence was not available until July 3, 2014, he provides no documentation supporting this
18 claim.  While the court does not countenance such piecemeal presentation of relevant evidence
19 pertaining to an emergency motion, the court will vacate its Findings and Recommendations
20 issued on June 17, 2014 and address plaintiff's motion anew.[1]

21 II.    Legal Standard

22      The legal principles applicable to requests for injunctive relief, such as a temporary
23 restraining order or preliminary injunction, are well established.  To prevail, the moving party
24 must show either a likelihood of success on the merits of the underlying controversy and the
25 possibility of irreparable injury, or that serious questions are raised and the balance of hardships

---

[1] The court notes that plaintiff has abandoned his request for injunctive relief concerning non-parties. ECF No. 51 at 14.  Therefore, the court will not address this portion of plaintiff's motion for a temporary restraining order.

2

1  tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692,
2  700 (9th Cir.1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th
3  Cir.1985). The two formulations represent two points on a sliding scale with the focal point
4  being the degree of irreparable injury shown. See Oakland Tribune, 762 F.2d at 1376. Under any
5  formulation of the test, however, the moving party must demonstrate that there exists a significant
6  threat of irreparable injury. See id. In the absence of a significant showing of possible
7  irreparable harm, the court need not reach the issue of likelihood of success on the merits. See id.
8  The loss of money, or an injury whose measure of damages can be calculated in terms of money,
9  will not be considered irreparable. See id. at 1334–35.

10      The standard for a temporary restraining order is essentially the same. The purpose in
11  issuing a temporary restraining order is to preserve the status quo pending a more complete
12  hearing. The cases contain limited discussion of the standards for issuing a temporary restraining
13  order due to the fact that very few such orders can be appealed prior to a full hearing. It is
14  apparent however, that requests for temporary restraining orders are governed by the same
15  general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle
16  Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n. 2 (1977); Los Angeles Unified Sch. Dist. v.
17  United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century
18  Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y.1990). In many cases the emphasis
19  of the court is directed to irreparable harm and the balance of hardships because the merits of a
20  controversy are often difficult to ascertain and adjudicate on short notice.[2]
21  ////
22

---

[2] The Eastern District of California Local Rules impose additional requirements for a motion for a temporary restraining order. First, the court will consider whether the moving party could have sought relief by a noticed motion for a preliminary injunction at an earlier date without the necessity of seeking last-minute relief by motion for a temporary restraining order. See Local Rule 231(b). Second, the moving party must provide specific documents to the court in support of the requested temporary restraining order. See Local Rule 231(c). Finally, in cases brought by prisoners involving conditions of confinement, any temporary restraining order or preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. See 18 U.S.C. § 3626(a)(2).

III.  Analysis

The undersigned first notes that the relief plaintiff is requesting is extensive and would require a very intrusive order concerning the provision of medical care at specific times and by specific providers. In addition, although the claims plaintiff raises in his motion are similar to those raised in the complaint, he has not met the standard of showing irreparable harm. Plaintiff's assertions that he will be denied adequate medical care in the same way and to the same extent that he alleges occurred while housed at HDSP from 2010 until 2013 are entirely speculative. Speculative injury does not constitute irreparable harm. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). Because plaintiff alleges only a speculative injury, the undersigned will not recommend issuing the requested intrusive restraining order and does not reach the issue of likelihood of success on the merits.

To the extent that plaintiff may be seeking a temporary restraining order to prevent his transfer back to HDSP, a prisoner has no due process right to remain in or be transferred to a prison of his choosing. See Meachum v. Fano, 427 U.S. 215, 224-27 (1976). In this vein, plaintiff is requesting relief this court cannot grant.

Accordingly, IT IS ORDERED that the Findings and Recommendations issued on June 17, 2014 (ECF No. 45) are hereby vacated.

IT IS FURTHER RECOMMENDED that plaintiff's motion for immediate injunctive relief (ECF No. 39) be denied for the reasons discussed herein.

These amended findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these amended findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Amended Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may

////

waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 28, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE