UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER HOWARD WHITE,

          Plaintiff,

    v.

SMYERS, et al.,

          Defendants.

No.  2:12-cv-2868 MCE AC P

ORDER

I.  <u>INTRODUCTION</u>

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action proceeds on plaintiff's First Amended Complaint (FAC), ECF No. 23, on claims for deliberate indifference to plaintiff's serious medical needs against defendants Miranda, Mayes, Schmidt, Lee, Pomazal, Rofling, Lankford, and Swingle in their individual capacities; and for violation of the Americans with Disabilities Act (ADA), against defendant Swingle in his official capacity.  <u>See</u> ECF No. 24 at 1-2.  Defendants are represented by three different defense counsel – defendant Miranda is represented by private counsel, Mr. Thomas Cregger; defendant Pomazal is represented by private counsel, Mr. Noah Blechman; and defendants Mayes, Schmidt, Lee and Swingle are represented by Deputy Attorney General Ms. Ellen Hung (previously by Deputy Attorney General Ms. Debra Fitzsimmons).

////

1    Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility

2    and State Prison (CSATF) in Corcoran, California, but challenges the quality of his care while

3    incarcerated at High Desert State Prison (HDSP) from September 22, 2010 through March 27,

4    2013, following transfer from Salinas Valley State Prison (SVSP).  FAC at ¶¶ 3, 24.

5    Plaintiff had previously been incarcerated at CSATF (prior to incarceration at SVSP), where he

6    sustained an industrial-related accident on July 21, 2008, id. at ¶14, causing spinal and other

7    injuries requiring ongoing medical care, id. at ¶¶ 13-20.  In addition to his injuries and related

8    pain and impaired mobility symptoms, plaintiff alleges that his serious medical needs include a

9    faulty implant in his right knee, and a large cyst behind the same knee.

10    Plaintiff alleges that he received adequate medical care until his transfer to HDSP; he does

11    not challenge his medical treatment at CSATF or SVSP.  Plaintiff contends that the HDSP

12    defendants were deliberately indifferent to his serious medical needs by denying him adequate

13    pain medications, consistent use of a back brace and wheelchair, chronos providing extra pillows

14    and bedding, and appropriate referrals to outside specialists.  Plaintiff's ADA claim is premised

15    on the confiscation of his wheelchair, which allegedly diminished plaintiff's ability to participate

16    in the services, programs and activities offered at HDSP.

17    An Amended Discovery and Scheduling Order, filed October 14, 2014, set a discovery

18    deadline of February 2, 2015, and a pretrial motion deadline of June 1, 2015.  See ECF No. 68.

19    On January 26, 2015, the district judge granted plaintiff's motion for reconsideration of the

20    undersigned's December 17, 2014 order, ECF No. 78, which had denied as moot plaintiff's

21    request for further extension of the discovery deadline, ECF No. 77.  See ECF No. 87.  The

22    undersigned has considered the merits of plaintiff's 432-page motion, ECF No. 77, in tandem

23    with the parties' other numerous discovery matters, and finds it appropriate to deny plaintiff's

24    request without prejudice until resolution of the parties' current discovery disputes.

25    Defendants have requested modification of the court's discovery deadline for the limited

26    purpose of continuing and concluding plaintiff's deposition, ECF Nos. 93, 117; further briefing

27    on these matters is currently in progress.  See ECF No. 120.

28    ////

1    The instant order addresses some, but not all, of the parties' outstanding discovery

2    disputes.  Additional discovery orders will be forthcoming.

3    II.  DEFENDANTS' MOTION FOR PROTECTIVE ORDER

4        A.  Procedural History

5        On September 24, 2014, defendants filed a motion for protective order, ECF No. 58,

6    "under Rule 26(c) of the Federal Rules of Civil Procedure as to Plaintiff's Notice for Production

7    of Documents, Set One, which sets forth 99 separate categories of documents to be produced by

8    Defendants.  Defendants seek an order striking 71 of the 99 requests on the grounds that they are

9    irrelevant, violate nonparties' privacy rights, are overbroad and oppressive, duplicate other

10   requests in the set, pose security and safety concerns, and seek documents that are not in

11   Defendants' possession, custody, or control."  ECF No. 58 at 1-2.  The motion notes that

12   "[d]efendants attempted to informally resolve the issues presented by this motion prior to filing

13   it."  Id. at 2.

14       Due to this court's deference to plaintiff's several requests for extensions of time (see

15   ECF Nos. 68, 72, 73, 81), plaintiff did not file an opposition to this motion until January 27,

16   2015.  ECF No. 90.  Plaintiff's last motion to extend time for his opposition, ECF No. 86, is

17   granted nunc pro tunc.  On February 2, 2015, defendants filed a reply.  ECF No. 94.  Thereafter

18   plaintiff filed a surreply, which also contains a request for sanctions against defendants' counsel.

19   ECF No. 99.  Defendants then moved to strike plaintiff's surreply.  ECF No. 105.

20       Plaintiff has withdrawn the following Production Requests:  Request Nos. 5-7, 9, 63, 65,

21   77-8, 80, 85-6, 88-9, and 96-7.  See ECF No. 90 at 6.  In response, defendants state that they do

22   not seek a protective order as to Request Nos. 2,[1] 4, 9, 14, 22, 24, 31, 53, 67, 68, 69, or 76, each

23   of which seeks records relating to plaintiff's medical care at HDSP.  Defendants also do not seek

24   a protective order as to Request Nos. 40-49, 52, 54, 55, 56, 72, or 74, which ask for documents

---

25   [1]  Plaintiff emphasizes that the documents sought in his Request No. 2 are not limited to
26   responsive documents in his medical file, but concedes that he has narrowed the request to the
     time frame September 22, 2010 to March 26, 2013.  See ECF No. 99 at 2.  Defendants do not
27   dispute that this request seeks responsive documents outside plaintiff's medical file and have
     agreed to provide any responsive documents.

28

supporting defendants' affirmative defenses, but defendants state that they reserve their right to assert proper objections in their responses to these requests.  Thus, as a result of the parties' briefing, defendants' motion for protective order was narrowed to plaintiff's Set One Production Request Nos. 1, 3, 8, 10-3, 15-20, 23, 25-30, 32-5, 39, 50-1, 57-62, 64, 66, 79, 81-4, 87, 90-5, and 98.  Moreover, as noted by defendants, plaintiff has not objected to their motion as to Request Nos. 50-1, 57-62, 66, 78-9, 81-4, 87, 90-5 and 98, to which defendants need not respond.

Accordingly, the court's analysis is limited to Request Nos. 1, 3, 8, 10-3, 15-20, 23, 25-30, 32-5, 39 and 64.  Among these, plaintiff acknowledges that the following requests are "duplicative and/or could reasonably be combined:"  Request Nos. 11 and 17, 18 and 19, 25 and 29, 23 and 30, and 32 and 33.  ECF No. 90 at 6.

Defendants also seek an order narrowing Request Nos. 21, 36-8, 70-1 to defendant Swingle, the only defendant against whom plaintiff is pursuing his ADA claim.

B. Legal Standards

1. Legal Standards for Requests for Production under Fed. R. Civ. P. 34

A party may propound requests for production of documents and other tangible items that are within the scope of Federal Rule of Civil Procedure 26(b).  Fed. R. Civ. P. 34(a).  A party objecting to a request for production must state the reasons for the objection.  Fed. R. Civ. P. 34(b)(2)(B).  "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand."  Simmons v. Adams, 2013 WL 2995274, * 4 (E.D. Cal. 2013) (citations and internal quotations omitted).  "In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.  If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response."  Id. (citations omitted).

4

1           2.  <u>Legal Standards for Protective Order under Fed. R. Civ. P. 26(c)</u>

2           The scope of discovery under Federal Rule of Civil Procedure 26(b) is broad:  "Parties

3   may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

4   defense."  "The key phrase in this definition – "relevant to the subject matter involved in the

5   pending action" – has been construed broadly to encompass any matter that bears on, or that

6   reasonably could lead to other matter that could bear on, any issue that is or may be in the case."

7   <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978) (citing <u>Hickman v. Taylor</u>, 329

8   U.S. 495, 501 (1947)).  "Relevant information need not be admissible at trial if the discovery

9   appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P.

10  26(b)(1).

11          Nevertheless, "the court must limit the frequency or extent of discovery otherwise allowed

12  . . . if it determines that:  (i) the discovery sought is unreasonably cumulative or duplicative, or

13  can be obtained from some other source that is more convenient, less burdensome, or less

14  expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information

15  by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its

16  likely benefit, considering the needs of the case, the amount in controversy, the parties' resources,

17  the importance of the issues at stake in the action, and the importance of the discovery in

18  resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C).

19          Moreover, under Rule 26(c)(1), the court may, for good cause, issue an order to protect a

20  party from "annoyance, embarrassment, oppression, or undue burden or expense, including . . .

21  forbidding the disclosure or discovery. . . . [or] limiting the scope of disclosure or discovery to

22  certain matters. . . ."  Fed. R. Civ. P. 26(c)(1)(A), (D).

23          To prevail on a motion for protective order, the party seeking the protection has the

24  burden to demonstrate "particular and specific demonstration[s] of fact, as distinguished from

25  conclusory statements . . . ."  T<u>win City Fire Ins. Co. v. Employers Ins. of Wausau</u>, 124 F.R.D.

26  652, 653 (D. Nev. 1989); <u>Kamp Implement Co. v. J.I. Case Co.</u>, 630 F. Supp. 218, 219 (D. Mont.

27  1986).  "The rule requires that good cause be shown for a protective order.  This puts the burden

28  on the party seeking relief to show some plainly adequate reason therefore. . . . This recognizes

1    that the existence of good cause for a protective order 'is a factual matter to be determined from

2    the nature and character of the information sought by deposition or interrogatory weighed in the

3    balance of the factual issues involved in each action.'" Wright et al., 8A Fed. Prac. & Proc. Civ.

4    § 2035 (3d ed. 2014) (quoting Glick v. McKesson & Robbins, 10 F.R.D. 477, 479 (W.D. Mo.

5    1950)).

6        C.  Parties' Meet and Confer, Plaintiff's Surreply and Request for Sanctions

7        On September 4, 2014, in response to plaintiff's production requests, defense counsel

8    wrote a letter to plaintiff requesting that he withdraw some requests and revise others.

9    Fitzsimmons Decl. (Sept. 4, 2014), Ex. B, ECF No. 58-3 at 29-31.  The parties spoke by

10   telephone on September 12, 2014, and plaintiff stated in pertinent part that he would mail a

11   response to defense counsel's September 4, 2014 letter by September 14, 2014.  Fitzsimmons

12   Decl. (Sept. 16, 2014), Ex. C, ECF No. 58-3 at 33.  The parties granted mutual extensions of time,

13   to October 3, 2014, to respond to their respective discovery requests.  Id.  However, on September

14   24, 2014, defendants had not received a letter from plaintiff concerning the proposed revision of

15   his production requests, and filed the instant motion for protective order.  ECF No. 58.

16       In their reply to plaintiff's opposition, defendants state in part that "plaintiff has not

17   objected to defendants' request for an order that plaintiff revise Request No. 2. . . ." ECF No. 94

18   at 4.  Plaintiff responded by filing a surrreply, in which he asserts, in part, his disagreement with

19   defendants' characterization of plaintiff's revision of his Request No. 2.  See ECF No. 99 at 1-2.

20   Plaintiff asserts that he was compelled to address these matters in a surreply because defendants

21   raised new arguments in their opposition.

22       A surreply is not authorized by the Local Rules or by the Federal Rules of Civil

23   Procedure, although it may be allowed "where a valid reason for such additional briefing exists,

24   such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL

25   3031136, at *1 (E.D. Cal. 2005).  Liberal construction of plaintiff's rationale for filing the subject

26   surreply comes within this exception.  Accordingly, defendants' motion to strike plaintiff's

27   surreply, ECF No. 105, is denied.

28       However, plaintiff's surreply also contains a request for sanctions against defense counsel

6

1    for "lying to the court" in her declaration filed in support of defendants' motion for protective

2    order.  Plaintiff explains that defense counsel erroneously stated that she had received plaintiff's

3    mailed response to defendants' revision request on September 23, 2014.  ECF No. 99 at 4 (citing

4    Fitzsimmons Decl. (Sept. 30, 2014), ECF No. 60 at 2-3).  Defense counsel responded to

5    plaintiff's request for sanctions by acknowledging that the subject date was in error, and should

6    have read "September 26, 2014."  Fitzsimmons Decl. (Feb. 25, 2015), ECF No. 105-1 at 1-2.

7    Defendants contend that this is not a basis for sanctions, and request that plaintiff's motion be

8    denied.

9        Plaintiff's request for sanctions contained in his surreply challenges matters that were set

10    forth in defendants' original motion and thus could have been raised in plaintiff's opposition.

11    Moreover, the court finds that plaintiff's request for sanctions, ECF No. 99, is frivolous and

12    denies the request on that basis.

13        D.  Analysis

14          1.  Requests Seeking Third-Party Records of Inmates and Prison Medical Staff

15        Consistent with defendants' description, ECF No. 58-1 at 3, ECF No. 94 at 2, each of

16    plaintiff's Production Request Nos. 1, 10, 11, 12, 13, 15, 17, 18 and 19[2] seeks documents that

17    pertain to individuals who are not parties to this action.

18        Review of these requests[3] demonstrates that each is overly broad and largely irrelevant to

19

[2]  Request Nos. 73, 75, and 99 are no longer at issue.

20   [3]  Request No. 1 seeks all documents (including notes, letters, inter-office memos and intra-office

21   memos) for a five-year period "that mention or pertain to pain management treatment of inmates;" Request No. 10 seeks all grievances and other documents received by the HDSP

22   Appeals Coordinator for a five-year period alleging that medical staff refused to provide inmates with pain medications, refused to refer inmates to outside specialists, or refused to accommodate

23   a prisoner's disability; Request No. 11 seeks all grievances and other documents received by the HDSP Appeals Coordinator for a five-year period alleging the falsification of medical records;

24   Request No. 12 seeks all grievances and other documents received by the HDSP Appeals Coordinator for a five-year period alleging "medical mistreatment of prisoners" by any of the

25   defendants named in this action; Request No. 13 seeks all grievances and other documents received by the HDSP Appeals Coordinator for a five-year period alleging "medical mistreatment

26   of prisoners" by any of the defendants named in this action; Request No. 15 seeks all grievances and other documents received by the HDSP Appeals Coordinator for a five-year period alleging

27   "staff thwarting, impeding, or otherwise obstructing" the filing or exhaustion of administrative

28   (continued…)

1    plaintiff's Eighth Amendment and ADA claims.  Any remote benefit that could be derived from

2    permitting this discovery is outweighed by the privacy rights of the third parties referenced in

3    these requests, and by the very significant burden to defendants in attempting to produce the

4    requested documents.

5           For these reasons, the court grants defendants' motion for a protective order relieving

6    them from responding to plaintiff's Production Request Nos. 1, 10-3, 15, and 17-9.

7                        2.  Requests for Defendants' Personnel Records

8           Defendants seek a protective order permitting them to refrain from responding to

9    plaintiff's Production Request No. 8, which seeks the following documents:

> Request No. 8:  All documents, notes, inter-office memos, intra-
> office memos, reports, chronicals (sic), letters, correspondence,
> instruments, computerized records or writings whatsoever that
> mention or pertain to discipline and personnel complaints against
> each Defendant from their date of employment by the CDCR to
> March 27, 2013.

14          In his opposition to defendants' motion for a protective order concerning this request,

15   plaintiff states only that defendants' "prior conduct is absolutely material to this action."  ECF

16   No. 90 at 23.

17          Defendants contend that this request is overbroad and protected by the official information

18   privilege.  "Federal common law recognizes a qualified privilege for official information."

19   Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) ("[g]overnment personnel

20   files are considered official information.").  "To determine whether the information sought is

21   privileged, courts must weigh the potential benefits of the disclosure against the potential

22

23   appeals; Request No. 17 seeks "[a]ny logs, lists or other documentation reflecting the number of
     grievances or complaints made by prisoners at HDSP alleging that staff falsified their medical
24   records" for a five-year period; Request No. 18 seeks all documents over a five-year period that
     identifies any inmate who alleged falsification of medical records, failure to provide pain
25   medications, or "improperly seized specialized back braces or wheelchairs (or discontinued
     them);" and Request No. 19 seeks all grievances and other documents received by the HDSP
26   Appeals Coordinator for a five-year period alleging that staff "had improperly taken their back
27   braces."  See generally ECF No. 58-3 (Exh. A. to Defendant's Motion (Plaintiff's Requests for
     Production, Set One)).

28

1  disadvantages.  If the latter is greater, the privilege bars discovery."  <u>Sanchez</u>, 936 F.2d at 1033–

2  34.

3          The court need not reach defendants' assertion of privilege.  Plaintiff's request for all

4  disciplinary actions or complaints contained in each defendant's personnel record seeks

5  information that is of limited or no relevance to the matters in this action.  This is not an

6  excessive force or retaliation case, in which defendants' disciplinary records might have some

7  relevance to their alleged conduct.  Here plaintiff's claims are premised on allegations of

8  deliberate indifference to his serious medical needs and violation of his rights under the ADA.  As

9  emphasized by defendants, the records most relevant to plaintiff's claims are his own medical

10  records.  The court finds this production request not sufficiently relevant to the claims in this

11  action to require disclosure.

12          For these reasons, the court grants defendants' motion for a protective order relieving

13  them from responding to plaintiff's Production Request No. 8.

14                  3.  <u>Requests for Medical Publications and Pharmacy Records</u>

15          Plaintiff's withdrawal of Production Requests Nos. 5-7, 9, 63, 65, 77-8, 80, 85-6, 88-9,

16  and 96-7, resolves most of defendants' challenges to plaintiff's requests for formal medical and/or

17  CDCR documents that are otherwise available to plaintiff, e.g. through the prison law library.

18  <u>See</u> Reply, ECF No. 94 at 3.

19          Plaintiff asserts that the following requests remain in dispute:  Request Nos. 3, 16, 20 and

20  64.  <u>See</u> ECF No. 90 at 24.  Request No. 3 seeks all documents "that mention or pertain to CDCR

21  Pharmacy Therapeutics Committee (PTC) communications from January 1, 2008 to March 27,

22  2013."  Request No. 16 seeks 69 chapters from CDCR's Inmate Medical Services Policies and

23  Procedures (IMSPP) Manual.  ECF No. 58-1 at 4.  Plaintiff asserts that this manual has been

24  withheld from him by prison law library staff despite his repeated requests to examine it.  <u>See</u>

25  <u>generally</u> ECF No. 90 at 24-6.  Request No. 20 seeks "any logs, lists or other documentation

26  reflecting which CDCR Department Operation Manual or Prison Operational Procedure sections

27  relevant to prisoner medical care . . . [are] enforceable in federal court. . . ."  <u>Id.</u> at 24.  Request

28  No. 64 seeks "any and all documents supporting defendants' responsibility . . . [re.] administering

1  of medication prescribed at sending institutions prior to being seen by a provider . . . at the

2  receiving institution." Id.

3          The court finds Request Nos. 3 and 20 overbroad and of limited relevance.  Request No. 3

4  seeks all general references to the PTC for a seven-year period.  Request No 20 asks defendants

5  to identify support for plaintiff's legal arguments.  Defendants will not be required to respond to

6  Request Nos. 3 and 20.

7          Defendants are correct that Request No. 16 is burdensome and the material is – or should

8  be – available to plaintiff through another source.  Defendants will not be required to respond

9  directly to this request, but defense counsel (Attorney General's Office) will be directed to

10  contact the CSATF Litigation Coordinator and make arrangements for plaintiff to review these

11  clearly relevant materials.

12          The court also finds plaintiff's Request No. 64 to be relevant, although it is overbroad.

13  Defense counsel (Attorney General's Office) will be directed to respond to this request, narrowed

14  as follows:

15          Request No. 64 (court-edited):  Copies of all formal written policies
          and/or procedures issued by CDCR, SVSP and/or CSATF directed
16          toward achieving continuity of care, including continuity of
          prescribed medication, for inmates transferred from one institution
17          to another.

18          For these reasons, defendants' motion for a protective order is granted as to plaintiff's

19  Request Nos. 16 and 20.  However, defense counsel (the Attorney General's Office) is directed to

20  contact the CSATF Litigation Coordinator within fourteen days after the filing date of this order

21  and make arrangements for plaintiff to review the materials described in Request No. 16.

22  Defendants' motion for a protective order is denied as to plaintiff's Request No. 16, as edited by

23  the court.

24          4.  Request for Scaled Depiction of HDSP Facility B Yard

25          Pursuant to his Production Request No. 39, plaintiff seeks "A chart, drawing or aerial

26  photograph of HDSP's facility 'B' yard showing the housing units and other buildings affording

27  inmates . . . activities, services and programs indicating the distance, in feet, from each location."

28  ECF No. 90 at 27.  Defendant objects in pertinent part on the ground that release of the requested

10

1   information would pose a threat to the safety and security of the prison, inmates, staff and general

2   public.

3       In response, plaintiff directs the court to his arguments in support of his separate request

4   for issuance of a subpoena duces tecum to obtain this information.  ECF No. 90 at 27.  In that

5   request, plaintiff asserts that this information is relevant to his claim that at least one defendant

6   (Miranda) acknowledged plaintiff was unable to access all of HDSP's activities, services and

7   programs due to the confiscation of his wheelchair.  Plaintiff opines that obtaining an accurate

8   graphic of the buildings in which these matters were held, including the dining hall, and the

9   distance of these buildings from plaintiff's cell, will support both his ADA and Eighth

10  Amendment claims.  See ECF No. 80 at 39-40.

11      Despite the potential relevance of this information, defendants' objection is well taken.

12  Production of the requested information poses a clear risk for compromising the safety and

13  security of inmates and staff at both HDSP and CSATF, as well as the general public.  Such

14  information, even if produced pursuant to a protective order, is susceptible to loss, theft and

15  bartering, even between inmates at different institutions.  The court finds that these safety and

16  security risks outweigh any benefit of disclosure.

17      Plaintiff may prepare his own drawings of HDSP's Facility B yard, based on his

18  recollection.  Even if not-to-scale, plaintiff may rely on his drawings for purposes of briefing a

19  dispositive motion or as evidence at trial, to show the relative proximities of the buildings and to

20  identify their respective activities, services and programs which he believes are relevant.  Should

21  this matter proceed to trial, plaintiff may obtain additional information by examining and/or

22  cross-examining defendants and/or their witnesses.

23      For these reasons, the court grants defendants' motion for a protective order relieving

24  them from responding to plaintiff's Production Request No. 39.

25          5. Requests for Documents Concerning Plaintiff's 2008 Injury and Claim

26      Defendants move for a protective order, on relevance grounds, regarding plaintiff's

27  Production Requests Nos. 23, 25-6, 27-30, 32-5, which seek information concerning defendants'

28  response to plaintiff's July 21, 2008 work-related injury when he was previously housed at

1   CSATF.  Defendants assert, ECF No. 58-1 at 5:

2           Plaintiff's 2008 accident is not the subject of this litigation.
            Defendants were not involved in that accident, and liability for that
3           accident is irrelevant to Plaintiff's medical indifference claim
            against Defendants in this case.  Therefore, records relating to that
4           accident and Plaintiff's worker's compensation claim are irrelevant
            and are of no benefit to this case.  Records relating to treatment of
5           Plaintiff's back pain will be part of Plaintiff's medical records,
            which are sought in other requests.
6

7           Plaintiff responds that the HDSP defendants were on notice, or should have been on

8   notice, of plaintiff's need for specific continuing care based on his 2008 injuries.  Indeed, plaintiff

9   has submitted an October 3, 2008 "Notice Regarding Temporary Disability Benefits," sent to

10  plaintiff from the State Compensation Insurance Fund (SCIF), which acknowledged CDCR's

11  liability for the accident and commitment to provide plaintiff adequate medical care for his

12  resulting "soft tissue-head, soft tissue-neck, lumbar and/or sacral vertebrae injury of July 21,

13  2008."  See ECF No. 80 at 51 (Pl. Ex. 1) (informing plaintiff that he was "entitled to medical

14  treatment to cure or relieve the effects of the injury, which will be provided to you through your

15  institution's medical unit").  On this basis, the court generally agrees with plaintiff that the nature

16  of his 2008 injuries and medical treatment at CSATF are relevant to the nature and quality of

17  plaintiff's subsequent medical care at HDSP, particularly the extent to which plaintiff's injuries

18  resulted in ongoing medical conditions requiring continuity of care.

19          The following discussion sets forth the subject production requests, see generally ECF No.

20  58-3, and the court's assessment of defendants' responsibility in responding to the requests.

21          Request No. 23: Any and all documents supporting that CDCR
            accepted liability causing the industrial-related job accident and
22          resulting injuries to Plaintiff on July 21, 2008, including while
            under the care of the Defendants.
23

24          Plaintiff's own exhibits include the above-noted findings by SCIF that CDCR had

25  accepted liability for plaintiff's accident and injuries.  Defendants, all associated with HDSP, will

26  not be required to search for additional documents that confirm CDCR's acknowledged liability.

27          Request No. 25: Any and all documents supporting that CDCR had
            **not** accepted liability for causing the [7/21/2008] job accident and
28          resulting injuries to Plaintiff, or that CDCR medical staff, including

12

> Defendants, were **not** required or responsible for providing Plaintiff with medical treatment meant to cure and/or relieve the effects of the industrial-related injuries.  (Original emphasis.)

Defendants will not be required to prove a negative.  Moreover, plaintiff is already in possession of at least one document that establishes defendants accepted liability for the accident and assumed responsibility for providing plaintiff with appropriate related medical care.

> Request No. 26: Any and all documents reflecting communications between the State [Workers] Compensation Insurance Fund (SCIF) and CDCR pertaining to or mentioning the plaintiff or the July 21, 2008 job accident.

As noted, plaintiff is already in possession of at least one document responsive to this request.  In addition, as set forth below, plaintiff will be permitted to request this information directly from SCIF pursuant to a subpoena duces tecum.  Defendants will not be required to respond to this request.

Request Nos. 27-30 and 32-34 seek to ascertain whether each defendant was on notice that CDCR had acknowledged liability for plaintiff's 2008 accident and responsibility for treating his resulting injuries; whether each defendant personally assumed that responsibility by providing plaintiff with appropriate care; and whether any defendant was informed or determined that plaintiff no longer required medical treatment related to his accident.[4]  These requests have been

---

[4]  The subject requests seek the following:

> Request No. 27:  Any and all documents supporting that Plaintiff was not suffering from significant pain or disability from the industrial-related job accident and resulting injuries after July 21, 2008, including while under the care of each Defendant.

> Request No. 28: All documents, notes, inter-office memos, intra-office memos, reports, chronicals (sic), letters, correspondence, instruments, computerized records or writing whatsoever that mention or pertain to CDCR's requirement or responsibility to provide or secure Plaintiff with medical treatment meant to cure and/or relieve the effects of the July 21, 2008 industrial-related injuries, include by each Defendant.

> Request No. 29: Any and all documents supporting why or how each Defendant was not required or responsible to be on notice that CDCR had accepting liability for causing the July 21, 2008 industrial-related job accident and resulting injuries, or that CDCR

(continued…)

13

1   consolidated by the court as follows, and require each defendant's response:

2           <u>Request Nos. 27-30, 32-34 (court-edited)</u>:   For the period
3   September 22, 2010 to March 27, 2013, all documents informing
    (placing on notice) any defendant of any of the following matters:
    (1) that plaintiff sustained an industrial-related accident at CSATF
4   on July 21, 2008; (2) that CDCR acknowledged liability for the
    accident; (3) that plaintiff required ongoing medical care for the
5   injuries he sustained from the accident, for which CDCR accepted
    responsibility; (4) the express responsibility of any defendant in
6   providing such medical care to plaintiff; or (5) a determination by
    any defendant or CDCR official that plaintiff's injuries sustained
7   July 21, 2008 were cured and/or effectively alleviated and/or that
    plaintiff no longer required medical care for those injuries.

8

9         In other words, if any defendant has possession, custody or control of any document that

10  references the responsibility of CDCR or any defendant to provide – or not provide – plaintiff

11  with medical care for the injuries he sustained in his 2008 accident, those documents shall be

12  produced.

13  ////

14  ////

15  _____

16          medical staff . . . were not responsible for providing medical
        treatment meant to cure and/or relieve the effects of the July 21,
17      2008 industrial-related injuries.

18          <u>Request No. 30</u>:  Any and all documents supporting that each
        Defendant was placed on notice that CDCR had accepting liability
19      for causing the July 21, 2008 industrial-related job accident and
        resulting injuries, or that they, Defendants, were responsible for
        providing or securing medical treatment meant to cure and/or
20      alleviate the effects of the industrial-related injuries.

21          <u>Request No. 32</u>:  Any and all documents supporting that each
        Defendant provided Plaintiff with medical treatment that cured the
22      effects of his industrial-related job injuries of July 21, 2008, from
        September 22, 2010 to March 27, 2013.

23
            <u>Request No. 33</u>:   Any and all documents supporting that each
24      Defendant provided Plaintiff with medical treatment that effectively
        alleviated the effects of his industrial-related job injuries of July 21,
25      2008, from September 22, 2010 to March 27, 2013.

26          <u>Request No. 34</u>:   Any and all documents supporting that each
        Defendant secured Plaintiff with medical treatment that cured or
27      effectively alleviated the effects of his industrial-related job injuries
        of 7/21/2008, from September 22, 2010 to March 27, 2013.

28

                                        14

1    The last contested request of this category is as follows:

2    > Request No. 35: "Any and all documents supporting Defendants
3    > provided (sic) Plaintiff with medical treatment that cured or helped
     > to effectively alleviate his painful suffering from his (R) knee
     > condition, or that such treatment was secured.
4

5    Any documents responsive to this request are equally available to plaintiff in his medical

6    records.  Accordingly, defendants will not be required to respond to this request.

7    ### 6. Request to Limit Some Requests to Plaintiff's ADA Claims

8    Defendants construe the following requests as limited to plaintiff's ADA claims and

9    therefore seek an order striking the requests as to all defendants except defendant Swingle, the

10   only defendant against whom plaintiff pursues his ADA claim:  Request Nos. 21, 36-8, 70-1.  See

11   ECF No. 58-1 at 5-6; ECF No. 94 at 4. Plaintiff objects to this construction and asserts that each

12   request also addresses his deliberate indifference claims.  See ECF No. 90 at 29-32.

13   Review of the requests demonstrates that each is expressly directed to plaintiff's ADA

14   claims.  See ECF No. 58-3 at 9, 13, 20-21.  Therefore, Plaintiff's Production Request Nos. 21, 36-

15   8, 70-1, need be answered only by defendant Swingle.

16   ## III. PLAINTIFF'S SECOND MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM

17   By order filed October 14, 2014, this court denied plaintiff's first motion for issuance of

18   several subpoenas duces tecum "without prejudice to its renewal in proper form."  See ECF Nos.

19   68, 55.  The court noted that plaintiff's requests, as then framed, failed to demonstrate the

20   relevance of the requested documents and/or that the documents were otherwise unavailable to

21   plaintiff.  ECF No. 68 at 6-7.  Plaintiff has resubmitted his motion, with nearly all of the same

22   requests, but with more extensive briefing and documentation.  ECF No. 80 (48 pp. brief with104

23   pages of exhibits).

24   Plaintiff's request for an extension of time to file this motion, ECF No. 76, is granted nunc

25   pro tunc.  The court again sets forth the legal standards for considering plaintiff's motion.

26   ### A. Legal Standards

27   The court must "issue and serve all process and perform all such duties" for a plaintiff

28   proceeding in forma pauperis.  28 U.S.C.1915(d).  Therefore, plaintiff, who proceeds in forma

15

1    pauperis, is "generally entitled to obtain service of a subpoena duces tecum by the United States

2    Marshal.  28 U.S.C. § 1915(d)."  Heilman v. Lyons, 2010 WL 5168871, at *1 (E.D. Cal. 2010);

3    but see, Garcia v. Grimm, 2012 WL 216565, at * 4 (S.D. Cal. 2012) (citing Tedder v. Odel, 890

4    F.2d 210, 211, 212 (9th Cir. 1989) (per curiam) ("Plaintiff, however, is responsible for paying all

5    fees and costs associated with the subpoenas. . . . [F]ees are not waived based on Plaintiff's in

6    forma pauperis status").  The "Federal Rules of Civil Procedure were not intended to burden a

7    non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena

8    duces tecum."  Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent

9    plaintiff to demonstrate that he had "made provision for the costs of such discovery") (citing

10   Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla. 1984).

11          Before tasking the U.S. Marshal with serving a pro se plaintiff's subpoena duces tecum,

12   this court must be persuaded that the documents sought are both relevant and otherwise

13   unavailable to the plaintiff, and that the third party tasked with production will not be unduly

14   burdened.  Because Federal Rule of Civil Procedure 45(b) requires personal service of a

15   subpoena, "'[d]irecting the Marshal's Office to expend its resources personally serving a

16   subpoena is not taken lightly by the court,' Austin v. Winett, 2008 WL 5213414, at *1 (E.D.

17   Cal. 2008); 28 U.S.C. § 1915(d)."  Alexander v. California Dept. of Corr., 2010 WL 5114931,

18   at *3 (E.D. Cal.  2010).  The court must consider the following factors:

19               Limitations include the relevance of the information sought as well
                 as the burden and expense to the non-party in providing the
20               requested information.  Fed. R. Civ. P. 26, 45.  A motion for
                 issuance of a subpoena duces tecum should be supported by clear
21               identification of the documents sought and a showing that the
                 records are obtainable only through the identified third party.  See
22               e.g., Davis v. Ramen, 2010 WL 1948560, at *1 (E.D. Cal. 2010)
                 (Oberto, M.J.); Williams v. Adams, 2010 WL 148703, at *1 (E.D.
23               Cal. 2010) (Snyder, M.J.).  The "Federal Rules of Civil Procedure
                 were not intended to burden a non-party with a duty to suffer
24               excessive or unusual expenses in order to comply with a subpoena
                 duces tecum."  Badman v. Stark, 139 F.R.D. 601, 605 (M.D.
25               Pa. 1991) (Cimini, M.J.); see also, United States v. Columbia
                 Broadcasting System, Inc., 666 F.2d 364, 368-69 (9th Cir.) (court
26               may award costs of compliance with subpoena to non-party), cert.
                 denied, 457 U.S. 1118 (1982).  Non-parties are "entitled to have the
27               benefit of this Court's vigilance" in considering these factors.
                 Badman, 139 F.R.D. at 605.

28

16

1   <u>Alexander</u>, supra, at *3.

2         B.  <u>Analysis</u>

3         Plaintiff requests all but two of the twelve subpoenas duces tecum previously requested.[5]

4   _____

5   [5]  Plaintiff requests the issuance of subpoenas duces tecum to the following nonparties:

6         1. To the State Compensation Insurance Fund (SCIF), for documents mentioning or
pertaining to plaintiff's SCIF claim number 05336666 (concerning plaintiff's workers
compensation accident for a prison accident sustained July 21, 2008), including communications

7   between plaintiff and SCIF, and SCIF and CDCR.

8         2. To the Receiver in <u>Plata</u>, for (a) documents mentioning or pertaining to plaintiff,
between September 22, 2010 and March 27, 2013, and (b) documents that mention or pertain to

9   "non-confidential investigative findings related to prisoner medical care" at HDSP from January
1, 2008 to the date the subpoena is responded to.

10

11        3. To California Prison Health Care Services ("CPHCS") (now California Correctional
Health Care Services (CCHCS)), for (a) documents mentioning or pertaining to plaintiff, between
September 22, 2010 to the date the subpoena is responded to, (b) any writing mentioning or

12  pertaining to "pain management treatment of inmates" from January 1, 2008 to the date the
subpoena is responded to; and (c) any documents associated with plaintiff's medical appeals or

13  grievances from September 22, 2010 to March 27, 2013.

14        4. To the Office of the Inspector General (OIG), for (a) documents mentioning or
pertaining to plaintiff's complaints regarding medical care received from September 22, 2010 to

15  the date the subpoena is responded to, and (b) all documents relating to "non-confidential
investigative findings related to prisoner medical care at HDSP" from January 1, 2008 to the date

16  the subpoena is responded to.

17        5. To CDCR's Legal Affairs Division, for all communications with plaintiff from
September 22, 2010 to March 27, 2013.

18

19        6. To HDSP, for (a) all grievances, complaints and other documents with plaintiff's name
on it or relating to those documents, from September 22, 2010 to March 27, 2013, (b) aerial
photographs of HDSP's "B" yard and documents relating to times inmates were "cell fed" (rather

20  than going to the dining hall to eat), (c) documents relating to HDSP activities, services or
programs that plaintiff participated in from September 22, 2010 to March 27, 2013, (d) "General

21  Information" and "Committee Action chronos generated on plaintiff" from September 22, 2010 to
March 27, 2013, (e) all documents that reference nonconfidential investigative findings by the

22  OIG or <u>Plata</u> Receiver regarding the health care of prisoners at HDSP, and (f) all documents
referencing the July 21, 2008 job accident.

23

24        7. To CDCR's Chief Ombudsman, for documents mentioning or pertaining to plaintiff
from September 22, 2010 to March 27, 2013.

25        8. To CDCR's Office of Internal Affairs (OIA), for documents mentioning or pertaining to
plaintiff's complaints that HDSP medical staff engaged in illegal conduct between September 22,

26  2010 and March 27, 2013, regarding his health care, including the alleged falsification of
plaintiff's medical records.

27

28        9. To CDCR's Chief of Inmate Appeals, for all grievances, complaints or documents with
(continued…)

1    The court previously found that plaintiff had failed to demonstrate he was unable to obtain

2    most of this information by means other than a subpoena duces tecum, e.g., pursuant to an <u>Olson</u>

3    review of his own central and medical files, as authorized by <u>In re Olson</u>, 37 Cal. App. 3d 783

4    (1974).  <u>See</u> ECF No. 68 at 6-7.  Plaintiff now informs the court that he subsequently sent letters

5    or form requests to several of these entities, requesting the information he seeks, but has received

6    an inadequate response or no response to date.  <u>See e.g.</u>, ECF No. 80 at 33-4 (CSATF-SP); <u>id.</u> at

7    36-7 (CDCR Legal Affairs Office); <u>id.</u> at 45-6 (HDSP); <u>id.</u> at 46-7 (CDCR Chief of Inmate

8    Appeals).

9    Close review of the information that plaintiff seeks from each entity, as now set forth in

10   his more detailed briefing and exhibits, raises significant doubts about relevance and concern

11   about the burden imposed on defendants by each of plaintiff's requests, with the exception of his

12   requests for documents from SCIF, CSATF and HDSP.  These three entities have had direct

13   responsibility for authorizing and/or providing plaintiff with medical care.  Although plaintiff

14   challenges the quality of his care only at HDSP, his claims are premised on HDSP's alleged

15   failure to abide by the treatment protocols established at CSATF and presumably followed at

16   SVSP.  Thus, relevant information concerning plaintiff's medical needs and care is likely

17   available from CSATF and HDSP, and may be available from SCIF, which acknowledged

18   CDCR's liability for the accident and commitment to provide plaintiff with adequate medical

19   care.  Plaintiff's requested subpoenas to all other entities and third parties will be denied.

20   The court finds the suggested scope of plaintiff's subpoenas to SCIF and CSATF to be

21   reasonable, as clarified herein.  However, plaintiff's subpoena to HDSP, as framed, is overbroad,

22   particularly in light of the additional responses to plaintiff's production requests required by the

23

24   plaintiff's name on it (or documents created in response) from September 22, 2010 to March 27, 2013.

25   10. To the California Substance Abuse Treatment Facility and State Prison (CSATF-SP), for all documents mentioning or pertaining to plaintiff's July 21, 2008 prison accident, including

26   communications between SCIF and CDCR.

27   Plaintiff has expressly abandoned his requests that subpoenas duces tecum issue to the Secretary of CDCR, and to CDCR's Health Care Services Division.  <u>See</u> ECF No. 80 at 47.

28

HDSP defendants, as set forth above.  Plaintiff can obtain from his own files the documents he

seeks from HDSP in Items (a), (c) and (d); Item (b) has been denied in part above, and any

relevance of the remaining portion is outweighed by the burden of production; only Item (e) is

appropriate for purposes of a subpoena duces tecum to HDSP.

Plaintiff's remaining requests for subpoenas duces tecum are rooted in plaintiff's

extensive written communications with the identified entities.  For example, in attempting to

support his request that a subpoena issue to the <u>Plata</u> Receiver and CPHCS, plaintiff explains that

he sent several letters to both, alleging misconduct by HDSP staff, including the failure to process

plaintiff's grievances and the alleged falsification of plaintiff's medical records, and that plaintiff

was receiving constitutionally inadequate medical care.  ECF No. 80 at 14.  Plaintiff has attached

copies of some of his correspondence, including letters plaintiff sent on "February 20, 2011, June

02, 2011, June 05, 2011, June 21, 2011, July 03, 2011, July 17, 2011 and October 17, 2011." <u>Id.</u>

(copies of letters attached as Pl. Ex. 3).  Plaintiff has also included letters sent by his stepfather.

<u>Id.</u> at 15 (<u>see</u> <u>also</u> Pl. Ex. 6).  Plaintiff's subpoenas to these entities seek, inter alia, all documents

that reference plaintiff.  This pattern is consistent with plaintiff's other requested subpoenas.  As a

prolific writer, plaintiff has generated extensive correspondence which he now wants reproduced,

together with any responsive documents, by the targeted agencies and officials.  These documents

are available, or should be available, to plaintiff – plaintiff is responsible for retaining copies of

his own correspondence.  Moreover, the court finds that any limited relevance of these documents

is outweighed by the significant burden to the targeted third parties in searching for and

attempting to duplicate this information.

Therefore, the court authorizes issuance of three requested subpoenas duces tecum,

narrowed as follows:

> 1.   To the State Compensation Insurance Fund (SCIF), for all
> documents referencing plaintiff's SCIF claim number 05336666
> (concerning plaintiff's workers compensation claim for his prison
> accident sustained at CSATF on July 21, 2008), including any
> communications between plaintiff and SCIF, SCIF and CDCR, and
> SCIF and any CDCR institution.

> 2.   To High Desert State Prison (HDSP), for all documents
> referencing plaintiff's July 21, 2008 accident at CSATF and/or

plaintiff's related need for medical care.

> 3. To the California Substance Abuse Treatment Facility (CSATF), for all documents referencing plaintiff's July 21, 2008 accident at CSATF and/or plaintiff's related need for medical care, including any communications between CSATF and CDCR or any CDCR institution.

At the end of this order, plaintiff is given instructions on completing these subpoenas duces tecum and submitting them to the court in order to obtain service of the subpoenas by the United States Marshal.

## IV. DEFENDANT'S MOTION TO EXTEND TIME

On January 9, 2015, defendant Swingle requested a 14-day extension of time through January 26, 2015 to serve responses to plaintiff's Request for Admissions (Set One), due to its length (123 separate requests for admissions). Plaintiff did not oppose this request and the time for doing so has expired. The court assumes that defendant Swingle complied with the requested deadline, and therefore grants defendant's request, ECF No. 83, nunc pro tunc. Should defendant Swingle require additional time to respond to these requests, he will need to file a new motion.

## V. PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT

On January 9, 2015, plaintiff filed a motion for leave to file a Second Amended Complaint (SAC), together with his proposed SAC. ECF No. 84. Defendants oppose plaintiff's request. ECF No. 91. Outstanding are plaintiff's requests for extension of time to file a reply. ECF Nos. 96, 110.

This is plaintiff's second request for leave to file a SAC. On December 10, 2013, ECF No. 30, this court denied without prejudice plaintiff's November 27, 2013 motion to file a SAC, ECF No. 28, in part on the ground that plaintiff had not submitted a proposed SAC and that his reasons for filing a new complaint could more appropriately be construed as objections to the court's August 28, 2013 findings and recommendations, ECF No. 24. In those findings and recommendations, the undersigned identified the cognizable claims and defendants in plaintiff's FAC and recommended dismissal of "[a]ll other defendants and claims . . . from this action." ECF No. 24 at 3. After plaintiff formally filed objections, ECF No. 31, the findings and recommendations were adopted by the district judge, ECF No. 32.

1    The court addressed and rejected on the merits each reason plaintiff previously asserted in

2    support of his request for leave to file a SAC, specifically that:  (1) plaintiff's request to specify

3    "exactly what 'activities, services or programs' he was deprived access to" as a result of his

4    disability, ECF No. 28 at 5, was not an adequate basis for amendment because the court had noted

5    "no such deficiency" in its screening order, and already "found that plaintiff stated a cognizable

6    claim under the ADA against defendant Swingle in his official capacity, ECF No. 30 at 2; (2)

7    plaintiff's request to cure the deficiency in his attempted Free Exercise claim, by asserting that he

8    was denied a reasonable opportunity to pursue his faith compared to the opportunities afforded

9    other prisoners, "was not the noted deficiency" in plaintiff's FAC concerning plaintiff's asserted

10   right to abstain from receiving a blood transfusion, and in any case this claim was found

11   noncognizable; and (3) plaintiff's request to assert a claim against the <u>Plata</u> federal receiver[6]

12   would be futile.  <u>See</u> ECF No. 30 at 2-3.

13   In his present motion, ECF No. 84, plaintiff states that he "does not seek to add any new

14   Defendants or legal claims against culpable parties, but only seeks to include enough factual

15   matter to make his claims plausible against the existing Defendants."  ECF No. 84 at 1.  Plaintiff

16   has included a proposed SAC (63 pages, as compared to the operative 17-page FAC).

17   Defendants oppose amendment on the following grounds:  undue delay (on the ground

18   that "[p]laintiff has known of the factual allegations contained in this proposed second amended

19   complaint since the inception of this lawsuit over two years ago," ECF No. 91 at 3); bad faith (on

20   the ground that plaintiff is attempting to circumvent orders adhering to the current discovery

21   deadline); and prejudice to defendants ("[s]ince this proposed second amended complaint does

22   not seek to add defendants or claims, denying the motion will result in significantly less prejudice

23   to Plaintiff, as compared to the cost, delay, and harm caused to the defendants should the motion

24   be granted," <u>id.</u> at 5).

25   Leave to amend a pleading should be freely given "when justice so requires."  Fed. R.

26   Civ. P. 15(a)(2).  The Ninth Circuit has instructed that the policy favoring amendments "is to be

27

28

---

[6]  <u>See</u> <u>Plata v. Schwarzenegger, et al.</u>, Case No. C-01-1351-TEH (N.D. Cal. Jan. 23, 2008).

applied with extreme liberality."  <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074,

1079 (9th Cir. 1990).  The court is guided by the following factors in assessing whether to grant

leave to amend:  "undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment [and] futility of amendment."  <u>Foman v. Davis</u>,

371 U.S. 178, 182 (1962).

Plaintiff asserts two "legal points" in support of his present motion.  "Legal Point I"

asserts that the FAC "fails to comply with Rule 8" because it "fails to set forth facts to show that

the Defendants' conduct was malicious, wanton or oppressive" (citing ECF No. 37 (Df.'s Mtn. to

Strike Pl.'s Prayer for Punitive Damages)).  Plaintiff seeks to allege additional facts in support of

his punitive damages claim.  Significantly, this court denied defendants' motion to strike

plaintiff's punitive damages claim.  <u>See</u> ECF No. 68; <u>see also</u> Pl. Oppo, ECF No. 49.  The court

noted in pertinent part that "[d]efendants do not argue that the claim for punitive damages is not

properly plead, and is not sufficiently supported by factual, non-conclusory allegations."  ECF

No. 68 at 2-3.  In other words, the court found that plaintiff's prayer for punitive damages is

properly asserted in the FAC and, if plaintiff prevails in this action, will be assessed according to

proof at trial.  Additional factual allegations are not required for this matter to proceed, and any

award of punitive damages will be based on evidence presented at trial, not on the allegations of

the operative complaint.  The court finds that this is not an appropriate reason for amendment.

Plaintiff's "Legal Point II" rests on plaintiff's intent to propound additional discovery in

support of his punitive damages claim; he does not want the scope of that discovery to be limited

to the allegations of his FAC.  Plaintiff is concerned that defendants "may attempt to stonewall

relevant information or successfully argue that the sought discovery does not specifically address

or relate to the elements contained in Plaintiff's FAC."  ECF No. 84 at 9.  However, in light of the

court's decision that plaintiff's punitive damages claim shall proceed, plaintiff's intent to

foreclose defendants' anticipated evidentiary objections does not support further amendment of

the complaint.

Further amendment of the complaint would significantly prejudice defendants, who are

1   represented by three separate defense counsel.  Defendants would be required to file amended

2   answers to a new, very lengthy SAC, and thereafter required to comb through any new, and likely

3   wide-ranging, discovery requests to ascertain what responsive information has already been

4   produced.  The court finds that the potential prejudice to defendants outweighs any potential

5   benefit of amendment.  A proposed amendment's potential prejudice to the opposing party

6   "carries the greatest weight" among the factors to consider in deciding whether to grant leave to

7   amend.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

8          As defendants assert, plaintiff "has known of the factual allegations contained in this

9   proposed second amended complaint since the inception of this lawsuit over two years ago."

10  ECF No. 91 at 3.  Discovery has been proceeding in this action since June 2014, and closed

11  February 2, 2015.  ECF No. 44.  Because the proposed SAC adds no new defendants or claims,

12  amendment at this late stage is simply unnecessary.

13         For these reasons, plaintiff's motion to file a SAC, ECF No. 84, is denied.  Plaintiff's

14  requests for additional time to file a reply to defendants' opposition to plaintiff's motion, ECF

15  Nos. 96, 110, are denied as moot.

16  VI.  PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

17         On February 23, 2015, plaintiff filed a motion requesting appointment of counsel.  ECF

18  No. 102 (56 pages with exhibits).  This is plaintiff's first request.  The Deputy Attorney General

19  has filed a declaration refuting some of plaintiff's statements.  ECF No. 104.  Defendant Miranda

20  filed an opposition to the motion.  ECF No. 109.  Plaintiff requests an extension of time to file a

21  reply.  ECF No. 116.

22         District courts lack authority to require counsel to represent indigent prisoners in Section

23  1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional

24  circumstances, the court may request that an attorney voluntarily represent an indigent plaintiff.

25  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

26  Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

27  circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

28  well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

legal issues involved.  <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009).  The burden of demonstrating exceptional circumstances is on the plaintiff.  <u>Id.</u>  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff asserts that the following "exceptional circumstances" warrant appointment of counsel in the instant case:  obstruction by defendants, particularly private defense counsel, in responding to plaintiff's discovery requests; failure of CDCR officials to provide adequate legal supplies and sufficient copies of plaintiff's filings; the unreliability of CDCR's "discriminatory mailing system;" and, inter alia, the ability of "[a]ppointed counsel [to] represent Plaintiff's position while Plaintiff is being accommodated laying supine and not suffering severe pain along with mental and emotional anguish as Plaintiff suffers just from being forced to remain in a erect position for extended periods of time."  ECF No. 102 at 14.

Plaintiff's complaints about CDCR supplies, copies and mail processing are common to other prisoners and do not demonstrate exceptional circumstances warranting the appointment of counsel.  Plaintiff's allegations against defense counsel are unsupported (in fact, two of the attorneys expressly disagree) and, regardless, counsel are required to adhere to the court's orders concerning discovery.  Plaintiff's complaints concerning his physical and mental condition, particularly his compromised ability to "remain in a erect position for extended periods of time," are belied by plaintiff's numerous and lengthy filings, most of which are typed.  Finally, plaintiff's filings demonstrate considerable knowledge and application of legal principles, and thus plaintiff's competence for self-representation.  For these reasons, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Therefore, plaintiff's motion for appointment of counsel, ECF No. 102, is denied without prejudice.  His request for an extension of time to file a reply, ECF No. 116, is denied as moot.

VII.  <u>ADDITIONAL OUTSTANDING MOTIONS</u>

In addition to the above-noted motions, plaintiff has filed numerous other motions requesting miscellaneous relief.  Each of these motions is denied, for the following reasons.

On January 14, 2015, plaintiff filed a motion to stay this action, due to the numerous outstanding motions that had not then been resolved, and for additional reasons including the alleged failure of prison guard to deliver plaintiff's legal mail on December 24, 2014, and plaintiff's desire to propound additional discovery.  This motion, ECF No. 85 (46 pages including exhibits), is denied.  Outstanding motions are resolved herein and in forthcoming orders, and the court will later consider whether additional discovery is warranted in this action.  Plaintiff's motion, ECF No. 97, to reply to defendants' opposition to this motion (ECF No. 91), is denied as moot.

On February 2, 2015, plaintiff filed a motion to reopen discovery, for the same reasons set forth in his request for reconsideration, discussed above.  For the reasons previously discussed, this motion, ECF No. 95 (38 pages including exhibits), is denied without prejudice.  After resolution of all outstanding discovery matters, the court will inquire as to the need for further discovery.

On February 17, 2015, plaintiff filed a motion for extension of time within which to file a reply to all of defendants' outstanding motions.  This motion, ECF No. 98, is denied as moot.

On March 5, 2015, plaintiff filed another motion to stay this action, because he was temporarily unable to access to his legal materials due to a recent placement in administrative segregation.  This motion, ECF No. 108, is denied for the reasons set forth in denying plaintiff's initial stay motion.

VIII.  ADMONISHMENT

Plaintiff is admonished to refrain from filing documents in this action unless they are specifically authorized by the Federal Rules of Civil Procedure, the Local Rules, or by court order.  Plaintiff's excessive filings have encumbered this action, and required an inordinate amount of the court's limited resources.  Plaintiff is cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court if it is determined that his filings have been unnecessarily excessive, frivolous or harassing.  See DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F.2d 351 (10th Cir. 1989).  If plaintiff does not exercise appropriate restraint in the future, by limiting his filings only to authorized and necessary

25

matters, the court will expressly consider whether to restrict plaintiff's access to the court for the remainder of this litigation.

IX. <u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion, ECF No. 77, to extend the discovery deadline to conduct additional discovery is denied without prejudice until resolution of the parties' current discovery disputes; similarly, plaintiff's motion to reopen discovery, ECF No. 95, is denied without prejudice. After resolution of all outstanding discovery matters, the court will inquire into the need for further discovery.

2. Plaintiff's motion for an extension of time within which to file his opposition to defendants' motion for protective order, ECF No. 86, is granted nunc pro tunc.

3. Defendants' motion, ECF No. 105, to strike plaintiff's surreply (ECF No. 99) is denied.

4. Plaintiff's request for sanctions, ECF No. 99, is denied.

5. Defendants' Motion For Protective Order, ECF No. 58, concerning plaintiff's Request for Production of Documents (Set One) (Request Nos. 1, 3, 8, 10-3, 15-20, 23, 25-30, 32-5, 39 and 64, as narrowed by the parties), is granted in part and denied in part, as follows:

a. Defendants' motion for a protective order is granted as to plaintiff's Production Request Nos. 1, 3, 8, 10-3, 15-20, 23, 25-6, 35, and 39; defendants are relieved from responding to these requests. However, **within fourteen (14) days after the filing date of this order**, defense counsel (Attorney General's Office) shall contact the CSATF Litigation Coordinator and make reasonable arrangements for plaintiff to review CDCR's IMSPP Manual, as described in plaintiff's Request No. 16.

b. Defendants' motion for a protective order is denied as to plaintiff's Production Request Nos. 27-30, 32-4 and 64; defendants are required to respond to these requests, as construed by the court herein, **within twenty-one (21) days after the filing date of this order**.

6. Defendants' motion for a protective order (motion to strike some defendants), ECF No. 58, is also granted as to plaintiff's Production Request Nos. 21, 36-8, 70-1; these requests are

1   limited to plaintiff's ADA claims and need be answered only by defendant Swingle **within**

2   **twenty-one (21) days after the filing date of this order**.

3        7.  Defendants' motion for a protective order, ECF No. 58, as to plaintiff's all remaining

4   Requests for Production (Set One) is denied as moot, pursuant to the parties' informal resolution

5   of those matters and/or plaintiff's failure to object to defendants' motion.

6        8.  Plaintiff's request for extension of time to file his second subpoena duces tecum

7   motion, ECF No. 76, is granted nunc pro tunc.

8        9.  Plaintiff's second motion for issuance of subpoenas duces tecum, ECF No. 80, is

9   granted in part and denied in part; plaintiff may complete and submit to the court three separate

10  proposed subpoenas for service by the U.S. Marshal, as narrowed herein, as follows:

11       a.  The subpoenas duces tecum shall be directed, respectively, to SCIF, HDSP and

12  CSATF, and the documents requested shall reflect the narrowed parameters identified by the

13  court herein.

14       b.  **The Clerk of Court is directed to provide plaintiff**, with a copy of this order,

15  **three subpoena duces tecum forms, signed but otherwise blank**, pursuant to Fed. R. Civ. P.

16  45;

17       c.  **Within fourteen (14) days after the filing date of this order**, plaintiff shall

18  complete and return to the court the attached Notice of Submission of Documents form and the

19  proposed subpoenas duces tecum.

20       d.  Should plaintiff fail to timely return the subpoena duces tecum forms, or

21  complete them in a manner inconsistent with that authorized by the court herein, no further action

22  will be taken by the court on plaintiff's request for issuance of subpoenas duces tecum.

23       10.  Defendant Swingle's request for an extension of time to serve responses to plaintiff's

24  Request for Admissions (Set One), ECF No. 83, is granted nunc pro tunc.

25       11.  Plaintiff's motion to file a Second Amended Complaint, ECF No. 84, is denied;

26  plaintiff's requests for additional time to file a reply to defendants' opposition to plaintiff's

27  motion, ECF Nos. 96, 110, are denied as moot.

28

1    12.  Plaintiff's motions to stay this action, ECF Nos. 85 and 108, are denied; in addition,

2    plaintiff's motion, ECF No. 97, to file a reply to defendants' opposition to plaintiff's first motion

3    to stay is denied as moot.

4    13.  Plaintiff's motion for extension of time to reply to all of defendants' motions, ECF

5    No. 98, is denied as moot.

6    14.  Plaintiff's motion for appointment of counsel, ECF No. 102, is denied without

7    prejudice; plaintiff's request for an extension of time, ECF No. 116, to file a reply to defendant's

8    opposition, is denied as moot.

9    SO ORDERED.

10   DATED: April 15, 2015

11   _____

     ALLISON CLAIRE
12   UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

28

1

2

3

4

5

6

7                            UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   WALTER HOWARD WHITE,                    No.  2:12-cv-2868 MCE AC P

11                    Plaintiff,

12        v.                                 NOTICE OF SUBMISSION OF DOCUMENTS

13   SMYERS, et al.,

14                    Defendants.

15

16        Plaintiff submits the following documents in compliance with the court's order filed

17   _____:

18

19        _____   completed subpoena duces tecum forms

20

21   _____        _____

22   Date                                          Plaintiff

23

24

25

26

27

28

29