UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER HOWARD WHITE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SMYERS, et al.,<br><br>　　　　　Defendants. | No. 2:12-cv-2868 MCE AC P<br><br><br>ORDER |

　　　　Plaintiff proceeds pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff was recently transferred from the California Substance Abuse Treatment Facility (CSATF) to High Desert State Prison (HDSP). The Deputy Attorney General informs the court that the transfer is intended to be permanent. See ECF No. 138. Defendants are represented by three attorneys: defendant Miranda is represented by Mr. Cregger; defendant Pomazal is represented by Mr. Blechman; and defendants Lankford, Rohfling, Mayes, Schmidt, Lee and Swingle are represented by Deputy Attorney General Ms. Hung. Pursuant to the court's recent orders, several matters remain pending in this action, including the parties' briefing identifying further anticipated discovery. See ECF No. 133.

　　　　Presently pending are the following matters. First, plaintiff states that he has not yet received all of his legal materials pertinent to this action. See ECF No. 134. The Deputy Attorney General will be directed to contact the HDSP Litigation Coordinator to ascertain the

1

current status of plaintiff's access to his legal materials, including whether all of his pertinent materials have been transferred from CSATF to HDSP; whether plaintiff has full access to these materials at HDSP; if plaintiff does not currently have full access to all of his legal materials related to this action, when plaintiff will be able to obtain such access and, if applicable, how such access will be provided (e.g., unlimited access in plaintiff's cell or in the prison library, or staggered access to a limited number of boxes at a given time).

Second, plaintiff has submitted two statements concerning his authorized subpoena duces tecum. See ECF No. 136-37. Plaintiff states that he believes the court erred in identifying the subject matter of his proposed authorized subpoenas – plaintiff is correct that the appropriate reference should have been "Item (f)" rather than "Item (e)" at p. 19, line 3 of the court's April 16, 2015 order. See ECF No. 126 at 19; cf. id. at 17 n.5 (Plaintiff's Proposed Subpoena No. 6(f)). However, because the court set forth the precise content of the subpoenas it will authorize – see ECF No. 126 at 19-20 – the court's typographical error presents no further problem.

Third, the court notes that plaintiff has submitted no proposed subpoenas, despite filing a Notice of Submission signed by plaintiff on May 3, 2015. See ECF No. 136. Plaintiff will be granted one final extension of time to submit his proposed subpoenas, subject to the express limitations set by the court. See ECF No. 126 at 19-20.[1]

---

[1] Due to the lack of clarity concerning plaintiff's access to his legal materials, the court again sets forth the precise content of plaintiff's authorized subpoenas duces tecum, ECF No. 126 at 19-20:

> 1. To the State Compensation Insurance Fund (SCIF), for all documents referencing plaintiff's SCIF claim number 05336666 (concerning plaintiff's workers compensation claim for his prison accident sustained at CSATF on July 21, 2008), including any communications between plaintiff and SCIF, SCIF and CDCR, and SCIF and any CDCR institution.
>
> 2. To High Desert State Prison (HDSP), for all documents referencing plaintiff's July 21, 2008 accident at CSATF and/or plaintiff's related need for medical care.
>
> 3. To the California Substance Abuse Treatment Facility (CSATF), for all documents referencing plaintiff's July 21, 2008 accident at CSATF and/or plaintiff's related need for medical care, including any communications between CSATF and CDCR or any CDCR institution.

1        Finally, plaintiff's motion to stay this action, ECF No. 134, is denied as unnecessary.
2   Additional discovery, if any, will be ordered by the court with due deference to plaintiff's
3   incarceration and access to his legal materials, and the dispositive motion deadline has been
4   vacated pending further order of the court.
5        Accordingly IT IS HEREBY ORDERED that:
6        1. Plaintiff's motion to stay this action, ECF No. 134, is denied.
7        2. Within fourteen days after the filing date of this order, plaintiff may submit his
8   proposed subpoenas duces tecum as authorized by the court, and as follows:
9            a. The Clerk of Court is directed to again provide plaintiff, with a copy of this
10           order, three subpoena duces tecum forms, signed but otherwise blank, pursuant to
11           Fed. R. Civ. P. 45;
12           b. Within fourteen days after the filing date of this order, plaintiff may complete
13           and return to the court the attached Notice of Submission of Documents form and
14           the proposed subpoenas duces tecum.  No further extensions of time will be granted.
15       3. Within fourteen days after the filing date of this order, the Deputy Attorney General
16  shall file and serve a statement reflecting the response of the HDSP Litigation Coordinator
17  pursuant to the inquiry set forth above.
18       4. In addition, plaintiff's motion, ECF No. 121, to strike the opposition of defendant
19  Miranda's opposition filed March 23, 2015, is denied; the court will consider the positions of all
20  parties when evaluating whether further discovery is required in this action.
21       SO ORDERED.
22  DATED: May 11, 2015

                                    _____
                                    ALLISON CLAIRE
                                    UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER HOWARD WHITE, | No. 2:12-cv-2868 MCE AC P |
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION OF DOCUMENTS |
| SMYERS, et al., | |
| Defendants. | |

    Plaintiff submits the following documents in compliance with the court's order filed _____:

    _____  completed subpoena duces tecum forms

_____    _____
Date    Plaintiff

4