UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER HOWARD WHITE,<br><br>  Plaintiff,<br><br>  v.<br><br>SMYERS, et al.,<br><br>  Defendants. | No. 2:12-cv-2868 MCE AC P<br><br><br><br>ORDER |

I.  Introduction

This prisoner civil rights action proceeds on plaintiff's First Amended Complaint (FAC) filed July 15, 2013, ECF No. 23, challenging conditions of plaintiff's prior confinement at High Desert State Prison (HDSP). After initiating this action, plaintiff was transferred to the California Substance Abuse Treatment Facility and State Prison (CSATF), where he remained from April 2013 to April 2015. Plaintiff was transferred back to HDSP in April 2015. This court previously determined that the FAC states cognizable claims for deliberate indifference to plaintiff's serious medical needs under the Eighth Amendment and 42 U.S.C. § 1983, against defendants Miranda, Mayes, Schmidt, Lee, Pomazal, Rofling, Lankford, and Swingle in their individual capacities; and a claim for violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 et seq., against defendant Swingle in his official capacity. See ECF Nos. 24, 32.

////

Defendants are represented by three different defense counsel.[1] Presently pending before the court are the following matters: (1) Defendants' motions and requests to modify the discovery and scheduling order for the purpose of propounding additional discovery requests and completing plaintiff's deposition, ECF Nos. 93, 117, 144-46; (2) Plaintiff's motion to suppress his deposition and request for sanctions, ECF No. 119; (3) Plaintiff's motion to stay this action so that he may move for reconsideration of the undersigned's April 16, 2015 discovery order, and his ex parte request to extend time to file such motion, ECF Nos. 143, 151.

## II.     Motions to Extend Discovery

The court obtained supplemental briefing by all parties on their respective motions to modify the discovery deadlines and concerning plaintiff's continued deposition. See ECF No. 120. All parties responded. See ECF Nos. 125, 132. Plaintiff's transfer from CTSAF to HDSP delayed resolution of these matters. See ECF No. 133 et seq. Meanwhile, in an effort to conclude discovery in this action, the court ordered further briefing by all parties' concerning their remaining discovery needs.[2] See ECF No. 133. Responsive briefing was filed by all defendants, ECF Nos. 144-6, and by plaintiff, ECF No. 148.

The prior discovery deadline expired on February 2, 2015, see ECF No. 120 at 3, and the extended deadline for filing dispositive motions (June 1, 2015) was vacated on April 8, 2015, see ECF No. 133 at 2.

////

---

[1] Defendant Miranda is represented by Mr. Cregger; defendant Pomazal is represented by Mr. Blechman; and defendants Lankford, Rofling, Mayes, Schmidt, Lee and Swingle are represented by Deputy Attorney General Ms. Hung.

[2] This briefing is also responsive to the concerns earlier expressed by the district judge assigned this case. As summarized in this court's April 16, 2015 order, see ECF No. 126 at 2:

> On January 26, 2015, the district judge granted plaintiff's motion for reconsideration of the undersigned's December 17, 2014 order, ECF No. 78, which had denied as moot plaintiff's request for further extension of the discovery deadline, ECF No. 77. See ECF No. 87. The undersigned has considered the merits of plaintiff's 432-page motion, ECF No. 77, in tandem with the parties' other numerous discovery matters, and finds it appropriate to deny plaintiff's request without prejudice until resolution of the parties' current discovery disputes.

2

### A. Further Discovery Requested by Defendants

The only remaining discovery sought by defendants Mayes, Schmidt, Lee, Rofling, Lankford and Swingle (hereafter the "AG defendants"), and defendant Miranda is the completion of plaintiff's deposition. See ECF No. 145-46. These requests are made subject to each defendant's reservation of right to seek leave of court if plaintiff fails to fully cooperate in the completion of his deposition.

Defendant Pomazal also seeks completion of plaintiff's deposition. In addition, Pomazal requests leave to serve plaintiff with up to 20 special interrogatories and 20 requests for admission, in order to clarify plaintiff's contentions against him. See ECF No. 144. Defendant requests that this discovery be completed before the continuation of plaintiff's deposition so that he can adequately question plaintiff on these matters. Counsel states that the discovery propounded by the Attorney General's office on behalf of Pomazal and the other AG defendants was not sufficiently specific as to Pomazal. Counsel explains that he was belatedly substituted into this case in October 2014 and, "by the time counsel . . . was able to glean an understanding of the key litany of allegations in this case versus Dr. Pomazal and the other Defendants, written discovery had closed." Id. at 2.

### B. Plaintiff's Response

In response to the court's most recent inquiry concerning the parties' remaining discovery needs, plaintiff stated that he was unable to respond because he had not yet received all of his legal materials following his transfer to HDSP. See ECF No. 148 (signed by plaintiff on May 20, 2015). This response mirrors plaintiff's earlier motion to stay proceedings in this action pending receipt of his legal materials. See ECF No. 143. Thereafter, at the direction of the court, see ECF No. 140, Deputy Attorney General Hung filed a statement informing the court that she had been informed by the HDSP Litigation Office "that Plaintiff previously received three out of his five boxes of legal property, that he would be receiving the remaining two boxes of legal property on June 5, 2015, and that Plaintiff would have unlimited access to his legal property in his cell." ECF No. 150 at 2. Consistently, in his most recently-filed document, signed by plaintiff on June 25, 2015, plaintiff states that he received a total five boxes of legal documents delivered on June 3

and June 8, although two boxes of "personal/legal properties (mixed together) that remained at the CSATF-SP facility . . . have not been delivered and remain withheld or missing," including "at least three of his medical and legal books" relied on to pursue this action. ECF No. 151 at 2. Plaintiff states that, nevertheless, with the delivered materials, he was able to prepare a motion for reconsideration of this court's extensive April 16, 2015 order, which he completed on June 20, 2015. (Nevertheless, plaintiff requests an extension of time within which to file this motion, see discussion, infra.)

In light of plaintiff's demonstrated current ability to draft legal documents in this action, the court deems as moot plaintiff's most recent to stay this action pending receipt of his legal materials, ECF No. 143; plaintiff must pursue with HDSP officials, not this court, any further issues related to the receipt of his "personal/legal property."

Nevertheless, plaintiff has not yet responded to the court's April 24, 2015 order, ECF No. 133, that he file and serve supplemental briefing that clearly identifies his remaining discovery needs. In light of the comprehensiveness of this court's April 16, 2015 discovery order, the court will construe plaintiff's request for reconsideration of that order, see discussion infra, as his request for further discovery; if plaintiff wishes to identify yet further discovery that he seeks in this case, he may do so in a separately filed motion that meets the requirements previously set by the court,[3] and thus establishes good cause for further modification of the scheduling deadlines in this action, see Fed. R. Civ. P. 16(b)(4).

C. Rulings

---

[3] Any further motion filed by plaintiff that requests additional discovery, responsive to this court's April 24, 2015 order, shall meet the requirements previously established by the court, ECF No. 133 at 2 (paraphrased and emphasis added):

> To file and serve a separate statement (no more than five pages in length, with no attached exhibits or supplemental filings) that sets forth the following information, excluding any reference to plaintiff's further deposition: (a) whether the responding party seeks further discovery; (b) if so, a brief description of the intended discovery, including the intended recipient(s), and **an explanation why the discovery was not previously propounded; and (c) the importance of the anticipated discovery to the facts and claims in this action.** No party shall file any response to any of this statement – any response or responsive motion will be stricken.

1   For good cause shown, defendant Pomazal's request to propound further discovery
2   requests on plaintiff, as described in ECF No. 144, is granted.  Within fourteen (14) days after the
3   filing date of this order, defendant Pomazal may serve plaintiff with no more than 20 special
4   interrogatories and no more than 20 requests for admission, for the purpose of clarifying
5   plaintiff's contentions against defendant Pomazal.  Plaintiff shall serve his responses within
6   twenty-one (21) days after service of the requested discovery; no extensions of time will be
7   granted.

8   Plaintiff requests an extension of time within which to file a motion for reconsideration of
9   this court's April 16, 2015 order, ECF No. 126, due to the inaccessibility of the law library for
10  copying.  Plaintiff's motion, ECF No. 151, is granted; plaintiff shall file and serve this motion
11  within fourteen (14) days after the filing date of this order.

12  If plaintiff wishes to further respond to the court's April 24, 2015 order, ECF No. 133, he
13  may file and serve a supplemental brief that clearly identifies his remaining discovery needs, and
14  is in conformance with the requirements set forth in Footnote 3, supra; plaintiff must file and
15  serve such brief within fourteen (14) days after the filing date of this order.

16  III.   Motions to Complete Plaintiff's Deposition

17  Plaintiff has filed numerous documents opposing defendants' requests that plaintiff be
18  further deposed.  Plaintiff has previously appeared twice for his deposition.  The initial session,
19  held November 10, 2014, was concluded after approximately two hours in response to plaintiff's
20  complaints of pain and difficulty concentrating.  The second session, held January 22, 2015, was
21  concluded after approximately three hours for the same reasons, despite allowance for breaks so
22  that plaintiff could take his pain medication and lie down as needed.  A third session was
23  provisionally scheduled at CSATF for April 29, 2015.  In seeking leave to conduct that
24  deposition, defense counsel filed a joint statement indicating that, assuming plaintiff's
25  cooperation, defendant Miranda could complete his questioning in two hours, defendant Pomazal
26  could complete his questioning in another two hours, and the AG defendants anticipated thirty
27  minutes for follow-up questions.  See ECF No. 125.  However, plaintiff's April 2015 transfer
28  from CSATF to HDSP brought these matters to a halt.

1    Plaintiff opposes, for several reasons, defendants' requests that he be further deposed.
2 Plaintiff alleges that his participation causes him undue pain, stress and health risks; and that, due
3 to the side effects of his significant pain medications, his testimony (including testimony already
4 given) may be inaccurate and/or prejudicial. See generally ECF No. 119, 127. Plaintiff also
5 asserts an alleged conspiracy between Deputy Attorney General (DAG) Hung and the court
6 reporter to prepare false and misleading transcripts of plaintiff's deposition testimony, thus
7 engaging in spoliation of evidence. See ECF No. 119.

8    The court initially addresses plaintiff's motion for sanctions based on defendants' alleged
9 spoliation of evidence. Plaintiff states that "during the course of the [January 22, 2015]
10 deposition and upon examination of the transcript, plaintiff became aware of certain errors and
11 irregularities." ECF No. 119 at 2. These alleged irregularities include plaintiff allegedly
12 observing and overhearing "the deposition officer and Deputy Attorney General wispering [sic] to
13 one another while they were both looking at the content of the reporter's computer;" the DAG
14 making statements like "that needs to be taken out, delete that, change that to . . . ," and thus
15 "us[ing] the deposition reporter as a puppet to perpetuate misconduct. . . ." Id. at 3 (internal
16 quotation marks omitted). Plaintiff states that he later found the transcript of this session "fraught
17 with a multitude of misrepresentations of the truth." Id. at 3. Plaintiff has attached a copy of the
18 transcript; however, it contains no notations indicating the alleged misrepresentations. See id. at
19 24-66. Moreover, plaintiff concedes that even an accurate record of his testimony may not reflect
20 what he intended, due to the side effects of his medications. Plaintiff has submitted no evidence
21 that raises any reasonable inference of misconduct on the part of the DAG.[4] On the contrary, the
22 court finds plaintiff's accusations both frivolous and harassing. Plaintiff is reminded of this
23 court's prior admonition concerning his excessive filings in this action and again informs plaintiff
24 ////

---

[4] "A party seeking sanctions for spoliation of evidence must prove the following elements: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a 'culpable state of mind;' and (3) the evidence that was destroyed or altered was 'relevant to the claims or defenses of the party that sought the discovery of the spoliated evidence." Surowiec v. Capital Title Agency, Inc., 790 F. Supp. 2d 997, 1005 (D. Ariz. 2011) (citation omitted).

of the undersigned's authority to restrict his court access for the remainder of this litigation.[5]

The court construes plaintiff's opposition to his continued deposition as a motion for protective order pursuant to Rule 26(c), Federal Rules of Civil Procedure. Pursuant to that rule, a party may obtain a court order limiting or forbidding discovery, including a deposition, upon a showing of good cause and for the purpose of protecting a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(A), (B).

The court finds that plaintiff has failed to demonstrate good cause precluding his continued deposition. Plaintiff's conspiracy and spoliation allegations lack evidentiary support. Plaintiff's objections based on the side effects to his medications is a risk that plaintiff assumed when he commenced this litigation. Defendants previously sought to accommodate plaintiff's complaints of undue pain and stress by arranging for a gurney and pain medications during the course of his continued deposition,[6] and are instructed to do so for plaintiff's continued deposition. Plaintiff may also request necessary accommodations from the HDSP Litigation Coordinator and staff.

---

[5] As this court previously informed plaintiff, ECF No. 126 at 25-6:

> Plaintiff is admonished to refrain from filing documents in this action unless they are specifically authorized by the Federal Rules of Civil Procedure, the Local Rules, or by court order. Plaintiff's excessive filings have encumbered this action, and required an inordinate amount of the court's limited resources. Plaintiff is cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court if it is determined that his filings have been unnecessarily excessive, frivolous or harassing. See DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F.2d 351 (10th Cir. 1989). If plaintiff does not exercise appropriate restraint in the future, by limiting his filings only to authorized and necessary matters, the court will expressly consider whether to restrict plaintiff's access to the court for the remainder of this litigation.

[6] These arrangements were made by defense counsel. See ECF No. 125 at 2. The court previously invited plaintiff to "identify specific and reasonable accommodations that would support his participation in a continued deposition," and to submit his statement within seven days after the filing date of the court's April 8, 2015 order. See ECF No. 120 at 3-4. Plaintiff's only substantive response, filed May 26, 2015, ECF No. 148, again requests that no further deposition be held. Plaintiff's statements that his current medical care is too inadequate for him to function, and that he must first obtain surgery, are not persuasive in light of plaintiff's multiple and detailed filings in this action.

Plaintiff is required to fully participate in the discovery process which he initiated.  As a prolific writer who has propounded extensive discovery requests and required this court to resolve numerous and lengthy discovery disputes, plaintiff must recognize that defendants are equally entitled to obtain relevant information.  It would be unfair and prejudicial to defendants to allow plaintiff to continue prosecuting this action while depriving defendants of their right to complete their deposition of plaintiff.  Defendants have already invested substantial time and expense in repeatedly rescheduling plaintiff's deposition, and pursuing the matter in this court.  Plaintiff is informed that willful refusal to cooperate in discovery provides grounds for sanctions, including dismissal of this action.  See Fed. R. Civ. P.  37(d) (failure to attend one's own deposition); Fed. R. Civ. P. 41(b) (involuntary dismissal for failure to prosecute).

For these reasons, the court grants defendants' requests to reconvene and conclude plaintiff's deposition.  Although, due to breaks, the deposition may last an entire day, the period of time for questioning and answering shall be strictly limited to a total of five-and-one-half hours, as previously estimated by defense counsel.  All defense counsel shall coordinate with the HDSP Litigation Coordinator in an effort to schedule plaintiff's third and final deposition, and to make special arrangements to accommodate plaintiff's personal needs.  Defense counsel should attempt to scheduled plaintiff's deposition for one full day only, no earlier than August 31, 2015, but no later than October 16, 2015, with the goal of defendant Pomazal obtaining his additional discovery before the deposition, and in an effort to bring discovery to a close in this case at the earliest reasonable opportunity.

IV.     Further Discovery Matters

Plaintiff has now submitted three completed subpoenas duces tecum that conform to this court's orders filed April 24, 2015 (ECF No. 133), May 12, 2015 (ECF No. 140), and May 21, 2015 (ECF No. 141).  The court finds service of the subpoenas by the United States Marshal to be appropriate, and so directs the Marshal by separate order filed concurrently with the instant order.

Plaintiff also contends, ECF No. 148 at 3, that "all defendants" did not comply with the court's April 24, 2015 order directing defendants "to continue to provide any remaining discovery ordered by this court on April 16, 2015," ECF No. 133 at 2.  For the reasons set forth in the

8

responsive brief filed by defendant Miranda, ECF No. 149, the court finds this matter resolved due to the timely compliance by the appropriate defendants.

VI. Conclusion

1. Plaintiff's most recent motion to stay proceedings in this action pending receipt of his legal materials, ECF No. 143, is denied as moot.

2. Defendant Pomazal's request to propound further discovery requests on plaintiff, as described in ECF No. 144, is granted; defendant shall serve his requests on plaintiff within fourteen (14) days after the filing date of this order; plaintiff shall serve his responses within twenty-one (21) days after service of the requests – no extensions of time will be granted.

3. Plaintiff's request for an extension of time, ECF No. 151, within which to file a motion for reconsideration of this court's April 16, 2015 order (ECF No. 126), is granted; plaintiff shall file and serve such motion within fourteen (14) days after the filing date of this order.

4. If plaintiff wishes to further respond to the court's April 24, 2015 order (ECF No. 133), he shall, within fourteen (14) days after the filing date of this order, file and serve a supplemental brief in conformance with the requirements set forth in Footnote 3, supra, that clearly identifies his remaining discovery needs.

5. Plaintiff's motion for sanctions against the Deputy Attorney General, ECF No. 119, is denied; plaintiff is again admonished to refrain from filing excessive, harassing or frivolous matters in this case.

6. Plaintiff's motion for a protective order denying his further deposition, ECF No. 119 ("motion to suppress"), is denied.

7. Defendants' motions, ECF No. 93, 117, and requests, ECF No. 144-46, to extend discovery in this case for the purpose of reconvening plaintiff's deposition for a third and final time, are granted; plaintiff's deposition should be scheduled between August 31, 2015 and October 16, 2015; defendants shall inform the court of such date with five days of its scheduling.

8. The discovery deadline is hereby extended to October16, 2015, for the limited purposes authorized herein. The court will endeavor to adhere to this deadline in reviewing plaintiff's anticipated briefing concerning his further discovery requests.

9. The deadline for filing pretrial motions is hereby continued to January 29, 2016, and shall be noticed and briefed in accordance with the Rand Notice provided herewith.

10. Pursuant to a separate order filed concurrently with this order, the court directs the United States Marshal to serve plaintiff's three authorized subpoenas duces tecum.

DATED: July 12, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.[7] To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l). If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[7] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies. See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, 747 F.3d 1162 (9th Cir. April 3, 2014).