UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER HOWARD WHITE,<br><br>    Plaintiff,<br><br>    v.<br><br>D. SMYERS, et al.,<br><br>    Defendants. | No.  2:12-cv-2868-MCE-AC-P<br><br><br>**ORDER** |

In bringing the present Motion for Reconsideration, Plaintiff Walter Howard White ("Plaintiff") asks this Court to reverse the Magistrate Judge's July 14, 2015 Order (ECF No. 153) which adjudicated requests in this matter made by both Plaintiff and Defendants.  With respect to Plaintiff, the Order, <u>inter alia</u>, 1) denied as moot Plaintiff's most recent motion to stay proceedings (ECF No. 144); 2) denied Plaintiff's motion for sanctions against the Deputy Attorney General (ECF No. 119); and 3) denied Plaintiff's motion for a protective order denying his further deposition (ECF No. 119).  As to Defendants, the Order 1) granted Defendant Pomazol's request to propound further discovery requests on plaintiff (ECF No. 144); and granted various motions (ECF Nos. 93, 117) and requests (ECF No. 144-46 to extend discovery in this matter for a third and final time for purposes of reconvening Plaintiff's deposition.

In reviewing a magistrate judge's determination, the assigned judge shall apply the "clearly erroneous or contrary to law" standard of review set forth in Local Rule 303(f), as specifically authorized by Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A).[1]  Under this standard, the Court must accept the Magistrate Judge's decision unless it has a "definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal., 508 U.S. 602, 622 (1993).  If the Court believes the conclusions reached by the Magistrate Judge were at least plausible, after considering the record in its entirety, the Court will not reverse even if convinced that it would have weighed the evidence differently. Phoenix Eng. & Supply Inc. v. Universal Elec. Co., Inc., 104 F.3d 1137, 1141 (9th Cir. 1997).

After reviewing the entire file, this Court cannot say that the Magistrate Judge's decision outlined above were clearly erroneous.  The Magistrate Judge's decision carefully weighed the competing concerns in this matter and offered a well-reasoned rationale for the determinations made therein.  The Magistrate Judge correctly noted, for example, that Plaintiff's stay request pending receipt of his legal materials was mooted by his demonstrated current ability to draft and file legal documents in this action.  Nor can this Court determine that the Magistrate Judge's finding authorizing Plaintiff's continued deposition and other discovery was clearly erroneous, since Plaintiff must to fully participate in the discovery process that he initiated in filing this lawsuit.  Plaintiff's Motion for Reconsideration (ECF No. 173) is accordingly DENIED.

IT IS SO ORDERED.

Dated:  February 2, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Federal Rule of Civil Procedure 72(a) directs the district court judge to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Similarly, under 28 U.S.C. § 636(b)(1)(A), the district judge may reconsider any pretrial order "where it is shown that the magistrate's order is clearly erroneous or contrary to law."