UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER HOWARD WHITE,<br><br>           Plaintiff,<br><br>      v.<br><br>SMYERS, et al.,<br><br>           Defendants. | No.  2:12-cv-2868 MCE AC P<br><br><br><br>ORDER |

Currently pending is the ex parte motion of defendant Pomazal to set the continued deposition of plaintiff, a prisoner currently incarcerated at the California Health Care Facility (CHCF).  See ECF No. 186.  For the reasons set forth herein, defendant's motion will be granted and additional briefing will be required of all defendants.  Plaintiff is admonished that his full cooperation with his continued deposition will be a precondition for the continuation of this action.

Defendants are represented by three different attorneys.[1]  Defendants' protracted struggles to complete plaintiff's deposition were summarized by order of this court filed July 14, 2015.  At that time plaintiff was incarcerated at High Desert State Prison (HDSP).  As set forth therein,

---

[1] Defendant Miranda is represented by Mr. Thomas Cregger; defendant Pomazal is represented by Mr. Noah Blechman; and defendants Lankford, Rofling, Mayes, Schmidt, Lee and Swingle are now represented by Deputy Attorney General Mr. John Scott Smith.

1

ECF No. 153 at 5-8 (most fns. omitted):

> Plaintiff has filed numerous documents opposing defendants' requests that plaintiff be further deposed. Plaintiff has previously appeared twice for his deposition. The initial session, held November 10, 2014, was concluded after approximately two hours in response to plaintiff's complaints of pain and difficulty concentrating. The second session, held January 22, 2015, was concluded after approximately three hours for the same reasons, despite allowance for breaks so that plaintiff could take his pain medication and lie down as needed. A third session was provisionally scheduled at CSATF [California Substance Abuse and Treatment Facility] for April 29, 2015. In seeking leave to conduct that deposition, defense counsel filed a joint statement indicating that, assuming plaintiff's cooperation, defendant Miranda could complete his questioning in two hours, defendant Pomazal could complete his questioning in another two hours, and the AG defendants anticipated thirty minutes for follow-up questions. See ECF No. 125. However, plaintiff's April 2015 transfer from CSATF [back] to HDSP brought these matters to a halt.
>
> Plaintiff opposes, for several reasons, defendants' requests that he be further deposed. Plaintiff alleges that his participation causes him undue pain, stress and health risks; and that, due to the side effects of his significant pain medications, his testimony (including testimony already given) may be inaccurate and/or prejudicial. See generally ECF No. 119, 127. Plaintiff also asserts an alleged conspiracy between [formerly assigned] Deputy Attorney General (DAG) Hung and the court reporter to prepare false and misleading transcripts of plaintiff's deposition testimony, thus engaging in spoliation of evidence. See ECF No. 119.
>
> . . . . Plaintiff has submitted no evidence that raises any reasonable inference of misconduct on the part of the DAG. On the contrary, the court finds plaintiff's accusations both frivolous and harassing. Plaintiff is reminded of this court's prior admonition concerning his excessive filings in this action and again informs plaintiff of the undersigned's authority to restrict his court access for the remainder of this litigation.
>
> The court construes plaintiff's opposition to his continued deposition as a motion for protective order pursuant to Rule 26(c), Federal Rules of Civil Procedure. Pursuant to that rule, a party may obtain a court order limiting or forbidding discovery, including a deposition, upon a showing of good cause and for the purpose of protecting a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(A), (B).
>
> The court finds that plaintiff has failed to demonstrate good cause precluding his continued deposition. Plaintiff's conspiracy and spoliation allegations lack evidentiary support. Plaintiff's objections based on the side effects to his medications is a risk that plaintiff assumed when he commenced this litigation. Defendants previously sought to accommodate plaintiff's complaints of undue pain and stress by arranging for a gurney and pain medications

> during the course of his continued deposition, and are instructed to do so for plaintiff's continued deposition.[2] Plaintiff may also request necessary accommodations from the HDSP Litigation Coordinator and staff.
>
> Plaintiff is required to fully participate in the discovery process which he initiated. As a prolific writer who has propounded extensive discovery requests and required this court to resolve numerous and lengthy discovery disputes, plaintiff must recognize that defendants are equally entitled to obtain relevant information. It would be unfair and prejudicial to defendants to allow plaintiff to continue prosecuting this action while depriving defendants of their right to complete their deposition of plaintiff. Defendants have already invested substantial time and expense in repeatedly rescheduling plaintiff's deposition, and pursuing the matter in this court. Plaintiff is informed that willful refusal to cooperate in discovery provides grounds for sanctions, including dismissal of this action. See Fed. R. Civ. P. 37(d) (failure to attend one's own deposition); Fed. R. Civ. P. 41(b) (involuntary dismissal for failure to prosecute).
>
> For these reasons, the court grants defendants' requests to reconvene and conclude plaintiff's deposition. Although, due to breaks, the deposition may last an entire day, the period of time for questioning and answering shall be strictly limited to a total of five-and-one-half hours, as previously estimated by defense counsel. All defense counsel shall coordinate with the HDSP Litigation Coordinator in an effort to schedule plaintiff's third and final deposition, and to make special arrangements to accommodate plaintiff's personal needs. Defense counsel should attempt to scheduled plaintiff's deposition for one full day only, no earlier than August 31, 2015, but no later than October 16, 2015, with the goal of defendant Pomazal obtaining his additional discovery before the deposition, and in an effort to bring discovery to a close in this case at the earliest reasonable opportunity.

Notwithstanding this order, on October 6, 2015, the court suspended the deadline for conducting plaintiff's continued deposition, in response to plaintiff's statements that he had not received all of his legal materials after being transferred back to HDSP from CSATF. See ECF No. 171. The court directed the Office of the Attorney General (OAG) to contact the HDSP and CSATF Litigation Coordinators to ascertain the location of plaintiff's legal materials and to

---

[2] [Original fn. 6, ECF No. 153 at 7.] These arrangements were made by defense counsel. See ECF No. 125 at 2. The court previously invited plaintiff to "identify specific and reasonable accommodations that would support his participation in a continued deposition," and to submit his statement within seven days after the filing date of the court's April 8, 2015 order. See ECF No. 120 at 3-4. Plaintiff's only substantive response, filed May 26, 2015, ECF No. 148, again requests that no further deposition be held. Plaintiff's statements that his current medical care is too inadequate for him to function, and that he must first obtain surgery, are not persuasive in light of plaintiff's multiple and detailed filings in this action.

1 inform the court when plaintiff obtained possession of all his materials.  Id.  On October 27, 2015,
2 the OAG so informed the court.  ECF No. 176.  Thereafter, plaintiff filed numerous matters
3 unrelated to his continued deposition, and was transferred from HDSP to Salinas Valley State
4 Prison (SVSP), and then to CHCF.  Defendant Pomazal's recent motion was filed during
5 plaintiff's incarceration at SVSP.

6      For the many reasons previously identified by this court, defendants will be permitted to
7 schedule plaintiff's continued deposition and plaintiff will be required to cooperate fully.
8 Plaintiff initiated this action and is required to be forthcoming to defendants in disclosing the
9 evidence and rationale supporting his claims, and to fully participate in the discovery process,
10 particularly his deposition.  Defendants have invested significant time and expense in
11 accommodating the repeated rescheduling of plaintiff's deposition.  Plaintiff is admonished that if
12 he fails to fully cooperate in completing his deposition, the court will consider, in the first
13 instance, whether dismissal of this action is the most appropriate sanction.  See Fed. R. Civ. P.
14 37(d) (failure to attend one's own deposition); Fed. R. Civ. P. 41(b) (involuntary dismissal for
15 failure to prosecute).

16      Due to plaintiff's recent transfer to CHCF and current lack of access to his legal materials,
17 see ECF Nos. 187, 188, defendants will be required to obtain the following information and make
18 the following arrangements and so inform the court.  Specifically, Deputy Attorney General
19 Smith shall inquire of CHCF, and CDCR generally, when and where plaintiff will be available to
20 participate in a one-day deposition, with reasonable accommodations for his medical needs and
21 access to his legal materials.  Once plaintiff's availability is ascertained, all defense counsel shall,
22 in coordination with the appropriate prison Litigation Coordinator, agree upon a date to continue
23 and conclude plaintiff's deposition, and shall promptly file a joint statement so informing the
24 court.  Plaintiff is admonished that he has no discretion in this matter.  The court will entertain no
25 further motions for protective order to preclude or postpone plaintiff's continued deposition, or
26 any other filing that seeks the same result.

27 ////
28 ////

1       Accordingly, IT IS HEREBY ORDERED that:

2       1. Defendant's Pomazal's motion to re-set plaintiff's continued deposition, ECF No. 186, is granted. Although, with breaks, the deposition may last an entire day, defendants may actively depose plaintiff for a total time of five-and-one-half hours, assuming plaintiff's cooperation.[3]

      2. Within seven (7) days after the filing date of this order, Deputy Attorney General Mr. Smith shall inquire of CHCF, and CDCR generally, when and where plaintiff will be available to participate in a one-day deposition, with reasonable accommodations for his medical needs and access to his legal materials. Within twenty-one (21) days after the filing date of this order, Mr. Smith shall file and serve a statement informing the court of the results of this inquiry. If such information is not available within twenty-one days, Mr. Smith shall so inform the court, and shall file and serve a statement every fourteen (14) days thereafter informing the court of the status of this inquiry, until such time that it is clear when and where plaintiff will be available to resume and complete his deposition.

      3. Within seven (7) days after securing plaintiff's availability, as set forth above, all defense counsel shall file and serve a joint statement informing the court of the place, date and time agreed upon for the deposition, and the reasonable accommodations to be accorded plaintiff; defendants shall provide plaintiff with as much advance notice as possible.

      SO ORDERED.

DATED: August 23, 2016

                                                /s/ Allison Claire
                                                ALLISON CLAIRE
                                                UNITED STATES MAGISTRATE JUDGE

---

[3] Should plaintiff fail to cooperate, defendants may, during the course of the deposition, attempt to arrange a telephone conference with the undersigned, and/or shall promptly file a statement so informing the court. A mid-deposition telephone conference must be arranged so as to include plaintiff, via speaker-phone or otherwise.