1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WALTER HOWARD WHITE,                        No.  2:12-cv-2868 MCE AC P

12                    Plaintiff,

13          v.                                   ORDER and

14   SMYERS, et al.,                             FINDINGS AND RECOMMENDATIONS

15                    Defendants.

16

17          I.      Introduction

18          Plaintiff is a state prisoner currently incarcerated at the California Health Care Facility

19   (CHCF),[1] under the authority of the California Department of Corrections and Rehabilitation

20   (CDCR).  Plaintiff proceeds pro se and in forma pauperis in this civil rights action filed pursuant

21   to 42 U.S.C. § 1983.  Presently pending are:  (1) plaintiff's eighth and ninth motions to stay this

22   action, see ECF No. 172 & 187, and (2) third motion for preliminary injunctive relief, see ECF

23   No. 174.  For the reasons set forth below, this court denies plaintiff's motions to stay, and

24   recommends that plaintiff's motion for preliminary injunctive relief be denied.[2]

25   ─────────────────────

     [1]  Plaintiff informed the court on August 19, 2016, that he had been moved to CHCF.  See ECF
26   Nos. 187, 188.  Plaintiff failed to inform the court of his prior move from High Desert State
     Prison to Salinas Valley State Prison, as required by Local Rules 182(f) and 183(b).
27   [2]  This case has been pending in this court for nearly four years largely due to plaintiff's repeated
     requests for extended time, stays, protective orders and preliminary injunctive relief, failure to
28   complete his deposition, and repeated requests for reconsideration of the court's orders.

                                                    1

1          II.      Background

2          This action proceeds on plaintiff's First Amended Complaint (FAC), filed July 15, 2013.

3    See ECF No. 23.  Pursuant to 28 U.S.C. § 1915A, this court found that the FAC states cognizable

4    claims for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth

5    Amendment, against defendants Miranda, Mayes, Schmidt, Lee, Pomazal, Rofling, Lankford, and

6    Swingle in their individual capacities; and for violation of the Americans with Disabilities Act

7    (ADA), 42 U.S.C. § 12132 et seq., against defendant Swingle in his official capacity (HDSP

8    Chief Medical Officer).  See ECF No. 24 at 1-2.

9          Plaintiff challenges the quality of his care when incarcerated at High Desert State Prison

10   (HDSP) from September 22, 2010 through March 27, 2013.  FAC at ¶¶ 3, 24.  As set forth in the

11   FAC, plaintiff alleges that he "was received into HDSP with very serious spinal and right knee

12   conditions," including spinal stenosis, herniated discs, disc protrusions, nerve impingements,

13   spinal cord displacement, transitional L-5 vertebra, fissure of annulus fibrosis, degenerative disc

14   disease, at least two fractured vertebra in his mid-thoracic spine, a large Baker's cyst behind his

15   right knee, and a faulty right knee implant.  Id. at ¶ 13.  Plaintiff states that these conditions "were

16   caused by, in part, a prison job-related accident which occurred on July 21, 2008," and "severe

17   spinal injuries since 2005, 2008."  Id. at ¶¶ 14, 24.  Plaintiff contends that defendants were

18   deliberately indifferent by, inter alia, failing to provide him adequate pain medication;

19   withdrawing his chronos for a back brace and wheelchair; failing to provide extra bedding; and

20   failing to make appropriate referrals to outside medical specialists.

21         After initiating this action, plaintiff was transferred to the California Substance Abuse

22   Treatment Facility (CSATF) from April 2013 to April 2015.  Plaintiff was transferred back to

23   HDSP in April 2015.  He was transferred to Salinas Valley State Prison (SVSP) sometime prior

24   to March 2016, and then to CHCF in August 2016.  See n.1, supra.

25   _____

26   Plaintiff's filings have triggered extensive responsive briefing by defendants and required an
     inordinate amount of this court's time as compared to similar cases.  This court has repeatedly
     admonished plaintiff to refrain from filing matters that impede the progress of this case.  See e.g.,

27   ECF No. 153 at 6-7, and n.5 (citing a similar admonishment at ECF No. 126 at 5-6).  Plaintiff's
     motions addressed herein were reviewed upon filing and found to be nonurgent for the reasons

28   stated herein.

III.     Motions to Stay

Presently pending are plaintiff's eighth and ninth motions to stay this action.[3]  See ECF Nos. 172 & 187.  These motions are addressed ad seriatim.

A.     Legal Standards

This court "possesses the inherent power to control its own docket and calendar." Mediterranean Enterprises, Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (citing Landis v. North American Co., 299 U.S. 248, 254-55 (1936), and Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 864 (9th Cir.), cert. denied, 444 U.S. 827 (1979).  When a stay is requested, this court:

> . . . may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.   This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

Leyva, 593 F.2d at 863-64 (citations omitted) (cited with approval by Mediterranean Enterprises, 708 F.2d at 1465).

B.     Analysis

1.     October 2015 Motion to Stay

In his eighth motion to stay this action, ECF No. 172, plaintiff argued that:  (1) his motions for reconsideration, ECF Nos. 157 & 173, were still pending before the district judge; and (2) due to the alleged retaliation of prison library staff, plaintiff was unable to timely copy, file and serve exhibits in support of one of those motions for reconsideration (ECF No 173), and in support of his instant motions for stay and preliminary injunctive relief.

Plaintiff's reasons for this stay request are now moot.  First, plaintiff's motions for reconsideration, ECF Nos. 157 & 173, were ruled on by the district judge.  See ECF Nos. 179, 180.  Second, in his new (and pending) motions for reconsideration, see ECF Nos. 182 & 184,

---

[3]  Plaintiff's prior motions to stay are reflected on the docket at ECF Nos. 29 (addressed by court order at ECF No. 30); ECF Nos. 70 & 71 (addressed by the court at ECF No. 73); ECF No. 85 & 108 (addressed by the court at ECF No. 126); ECF No. 134 (addressed by the court at ECF No. 140); and ECF No. 143 (addressed by the court at ECF No. 153).

1   plaintiff filed the exhibits he alleges he was previously prevented from including in support of his

2   prior similar motion for reconsideration.  See ECF Nos. 182, 173.  Additionally, plaintiff has

3   submitted a "Supplemental Filing" containing the exhibits he was allegedly previously unable to

4   submit in support of his instant motions to stay and for preliminary injunctive relief.  See ECF

5   No. 181.[4]  The undersigned has considered the exhibits pertinent to plaintiff's instant motion to

6   stay, see ECF No. 181 at 2-18, which are offered in support of plaintiff's allegations that he was

7   improperly denied access to the law library computers and copying services and to adequate legal

8   supplies.  These matters have been resolved and plaintiff has now submitted his additional

9   exhibits.  Accordingly, a stay on this basis is unnecessary.

10       Because the reasons underlying plaintiff's eighth stay request are now resolved, plaintiff's

11   motion to stay this action filed October 15, 2015, ECF No. 172, is denied as moot.

12                     2.       August 2016 Motion to Stay

13       On August 19, 2016, plaintiff filed his ninth motion to stay this action, which seeks a stay

14   until plaintiff's anticipated release from prison on January 5, 2017.  See ECF No. 187.  Plaintiff

15   states that he was recently transferred from SVSP to CHCF, where he was placed in the Enhanced

16   Outpatient Program (EOP), on suicide watch, and in administrative segregation.  See ECF Nos.

17   187, 188.  Plaintiff states that his legal property remains at SVSP, and that he is currently

18   deprived of writing materials, and thus is unable to currently participate in this action.  Plaintiff

19   informs the court that he made a settlement offer to defendants but, if they refuse to settle,

20   plaintiff will retain private counsel upon his release from prison to continue to pursue this action.

21       The most pressing matter in this case is the necessity to conclude plaintiff's deposition.  In

22   a separate order filed concurrently with this order, the court addresses the need to conclude

23   plaintiff's deposition, with due consideration to plaintiff's current circumstances.  In light of this

24   companion order, and plaintiff's history of delaying this action, the court finds it neither fair to

25   defendants nor efficient for the court to issue a stay at this juncture.  See Leyva, 593 F.2d at 863-

26   64.

27

28   [4]  Plaintiff also requests the district judge's consideration of these exhibits, ECF No. 181, when
     ruling on plaintiff's motion for reconsideration, ECF No. 182.

1    Therefore, plaintiff's motion to stay this action filed August 19, 2016, ECF No. 187, is

2    denied.

3    IV.    Motion for Preliminary Injunctive Relief

4    Also pending is plaintiff's third motion for preliminary injunctive relief,[5] filed October 7,

5    2015.  See ECF No. 174.  Plaintiff notes this is his "third (3rd) motion seeking Court intervention

6    conducive to CDCR officials affording him curative and/or alleviating medical treatments called

7    for by outside medical specialists[.]"  Id. at 1.  Plaintiff seeks a renewed prescription for morphine

8    or other "more effective" pain medication, epidural pain injections, and surgeries on his thoracic

9    and cervical spine.  As described by plaintiff , he seeks, id. at 22 (with minor edits):

> [A] temporary restraining order and a preliminary injunction requiring defendants to, at a minimum, re-prescribe morphine (or EFFECTIVE alternative medication) for controlling his severe pain (at the times and dosage previously prescribed in September 2010) and, moreover, return him to one of the two pain specialists to receive the epidural pain relieving injections to his spine.  Such Order would expire 90 days after the filing date unless a permanent injunction order is made.  As a permanent measure the Court, in addition to the medication called for by outside specialists (described above) should consider ordering defendants to ensure Plaintiff receives the thoracic and cervical surgeries called for by the aforementioned neurosurgeons.

17    Plaintiff informs this court that he intends "to file an interlocutory order from the Ninth Circuit

18    Court of Appeals to the extent the District Court improperly denies him the relief request made

19    herein."  Id.

20    A.    Legal Standards

21    Preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65 is appropriate

22    when the movant demonstrates that "he is likely to succeed on the merits [of the underlying

23    action], that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

24    balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.

25    Natural Resources Defense Council, 555 U.S. 7, 20 (2008);  see also Stormans, Inc. v. Selecky,

26

27    _____

[5]  Plaintiff's prior motions for preliminary injunctive relief are reflected on the docket at ECF Nos. 6 (addressed by the court at ECF No. 22); and ECF No. 39 (addressed by the court at ECF Nos. 53 & 59).

28

1  586 F.3d 1109, 1127 (9th Cir. 2009) (quoting <u>Winter</u>).  Injunctive relief "is an extraordinary

2  remedy, never awarded as of right."  <u>Winter</u>, 555 U.S. at 24.  The principal purpose of

3  preliminary injunctive relief is to preserve the court's power to render a meaningful decision on

4  the merits of the case, <u>see</u> 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and

5  Procedure, § 2947 (2d ed. 2010), that is, to preserve the status quo pending a determination on the

6  merits, <u>Sierra Forest Legacy v. Rey</u>, 577 F.3d 1015, 1023 (9th Cir. 2009).  The standards

7  governing the issuance of temporary restraining orders are "substantially identical" to those

8  governing the issuance of preliminary injunctions.  <u>Stuhlbarg Intern. Sales Co., Inc. v. John D.</u>

9  <u>Brushy and Co., Inc.</u>, 240 F.3d 832, 839 n.7 (9th Cir. 2001); <u>Am. Trucking Ass'n, Inc. v. City of</u>

10  <u>Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir. 2009).

11       The propriety of a request for injunctive relief hinges on a significant threat of irreparable

12  injury that must be imminent in nature.  <u>Caribbean Marine Serv. Co. v. Baldridge</u>, 844 F.2d 668,

13  674 (9th Cir. 1988).  Speculative injury does not constitute irreparable harm.  <u>See id.</u>; <u>Goldie's</u>

14  <u>Bookstore, Inc. v. Superior Court</u>, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual

15  threat must be shown, although the injury need not be certain to occur.  <u>Zenith Radio Corp. v.</u>

16  <u>Hazeltine Research, Inc.</u>, 395 U.S. 100, 130-31 (1969); <u>FDIC v. Garner</u>, 125 F.3d 1272, 1279-80

17  (9th Cir. 1997), <u>cert. denied</u>, 523 U.S. 1020 (1998).  An injunction against individuals not parties

18  to the action is strongly disfavored.  <u>Zenith Radio</u>, 395 U.S. at 112.

19       In cases brought by prisoners involving conditions of confinement, any preliminary

20  injunction "must be narrowly drawn, extend no further than necessary to correct the harm the

21  court finds requires preliminary relief, and be the least intrusive means necessary to correct the

22  harm."  18 U.S.C. § 3626(a)(2).  "[I]n the prison context, a request for injunctive relief must

23  always be viewed with great caution because judicial restraint is especially called for in dealing

24  with the complex and intractable problems of prison administration."  <u>Goff v. Harper</u>, 60 F.3d

25  518, 520 (8th Cir. 1995) (citation and internal quotation marks omitted).

26      B.   <u>Analysis</u>

27       Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of

28  preliminary injunctive relief.  Significantly, the FAC seeks only compensatory and punitive

6

1    damages.  While it also generally seeks "[s]uch other relief as it may appear Plaintiff is entitled,"

2    the FAC does not expressly seek injunctive relief.  See FAC, ECF No. 23 at 16.  Therefore,

3    injunctive relief is not necessary to preserve the status quo pending a determination on the merits

4    of this action.

5           Nor has plaintiff demonstrated a likelihood of success on the merits of this action.  The

6    repeated delays plaintiff has achieved in this action have rendered defendants' alleged conduct

7    more remote in time and memory, making this a more difficult case to prove.  More importantly,

8    the matters sought by the instant motion reflect the ultimate issues in this case, that is, whether

9    defendants' alleged conduct constituted deliberate indifference to plaintiff's serious medical

10   needs.  Plaintiff must show that the challenged course of treatment was medically unacceptable

11   under the circumstances and chosen in conscious disregard of an excessive risk to plaintiff's

12   health.  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986).  The difference of opinion

13   between a prisoner and physician regarding treatment does not establish deliberate indifference.

14   Id.  Moreover, "[m]ere difference of medical opinion, Sanchez v. Vild, 891 F.2d 240, 242 (9th

15   Cir.1989), or mere delay in surgery without more, Shapley v. Nevada Bd. of State Prison

16   Comm'rs, 766 F.2d 404, 407 (9th Cir.1985), does not rise to the level of deliberate indifference."

17   Irvin v. Khaury, 26 F.3d 130 (9th Cir. 1994).

18          Comparing plaintiff's instant requests with the allegations of his FAC,[6] and newly

---

[6]  Plaintiff's motion for injunctive relief is grounded in his ongoing disagreements with HDSP medical staff, as reflected in the following allegations of the FAC, ECF No. 23:

> ¶ 20.  "Upon arrival at HDSP [in September 2010], plaintiff had active prescriptions for pain-relieving therapy," including gabapentin (1200 mg, 3 times daily, with an "expiration date" of Sept. 29, 2010), ibuprofen (800 mg. up to 3 times daily, expiration date Nov. 6, 2010), and morphine sulphate (30 mg, 3 times daily, expiration date Nov. 6, 2010).

> ¶ 21.  "Upon arrival at HDSP plaintiff was prescribed the following pain-relieving and mobility assistive devices:  a cane for short distances;  a specialized pain-relieving back brace; chronos reflecting such devices, along with usage of an extra mattress and pillow. . . . "

> ¶¶ 22-36.  HDSP medical personnel allegedly refused to continue plaintiff's prescriptions for medication and assistive devices.

submitted evidence,[7] demonstrates that plaintiff's requests reflect his ongoing disagreements with

¶¶ 28-29, 55.  Plaintiff provided to HDSP medical staff copies of his September 2008 and January 2009 neurosurgeon reports; October 2008 MRI report; April 30 and July 9, 2009 reports of pain management specialists; July 2009 x-ray report; and "previous in-prison MD's orders of the same medications" and assistive devices.

¶¶ 32, 41, 53.  In approximately October 2010, defendant Miranda prescribed Indomethacin as a pain reliever, but plaintiff found it ineffective.  In December 2010, defendant Miranda "continued to prescribe ineffective pain-relieving medications[.]"  In June 2012, defendant Mayes "failed and refused to prescribe an adequate pain-relieving medication therapy[.]"

¶ 37.  In November 2010, plaintiff underwent a nerve conduction study of his lower extremities arranged by HDSP medical staff.

¶¶ 40, 50, 57.  In December 2010, April 2012, and October 2015, plaintiff was examined by HDSP's "contracted orthopedic surgeon," who recommended, inter alia, removal of plaintiff's Baker's cyst, a "liner exchange" of his knee implant, and a bone scan.

¶¶ 34, 46-9, 53.  Plaintiff was prescribed a walker in lieu of a wheelchair, but denied a cane and back brace.

¶ 56.  In August 2012, plaintiff received a bone scan on his right knee.

¶¶ 59-60.  In December 2012, plaintiff was taken to an outside hospital for revision surgery on his right knee by the "HDSP contracted orthopedic surgeon."  In response to plaintiff's religious objections to the possibility of receiving a blood transfusion if necessary, the surgeon declined to conduct the surgery and recommended another orthopedic surgeon.

[7] As described by plaintiff and confirmed by the court's review of these exhibits, plaintiff has submitted the following medical reports in support of his pending motion for preliminary injunctive relief, see ECF No. 181 at 19-65:  Ex. 1 (Sept. 1, 2006 MRI of plaintiff's cervical spine); Ex. 2 (incomplete memo or letter); Ex. 3 (Jan. 28, 2008 MRI of plaintiff's lumbar spine); Ex. 4 (Apr. 21, 2008 MRI of plaintiff's thoracic spine); Ex. 5 (Oct. 22, 2008 x-rays of plaintiff's thoracic and lumbar spine); Ex. 6 (Oct. 25, 2008 MRI of plaintiff's thoracic and lumbar spine); Ex. 7 (Aug. 25, 2010 x-ray of plaintiff's chest and mid-thoracic spine); Ex. 8 (Nov. 16, 2010 nerve conduction study of plaintiff's lower extremities); Ex. 9 (Sept. 18, 2013 x-ray of plaintiff's thoracic spine); Ex. 10 (June 14, 2006 neurosurgery consult); Ex. 11 (Sept. 8, 2008 neurosurgery consult); Ex. 12 (Jan. 27, 2009 neurosurgery consult); Ex. 13 (Apr. 30, 2009 pain management consult); Ex. 14 (July 23, 2009 pain management consult); Ex. 15 (Jan. 23, 2015 physician note reflecting call from neurosurgeon who expressed possibility that plaintiff may need surgery by concern about plaintiffs litigiousness); Ex. 16 (Oct. 3, 2008 notice to plaintiff from the State Compensation Insurance Fund concerning his prison-job related injuries and temporary disability

8

1   his treating physicians.  Significantly, the FAC fails to provide sufficient information to identify

2   plaintiff's challenged medication protocol.  See n.6, supra (FAC ¶¶ 32, 41, 53, indicating that

3   from 2010 to 2012 plaintiff was prescribed Indomethacin and other "ineffective pain-relieving

4   medications," but without further details).  The newly submitted medical evidence establishes that

5   plaintiff was previously prescribed Morphine but does not affirmatively establish that no other

6   medication protocol is appropriate.  See n.7, supra.  This evidence indicates that plaintiff was

7   prescribed Norco in 2006; Morphine and Neurontin in 2008; Morphine and Ibuprofen in 2009;

8   and Morphine, Neurontin and Motrin in 2009.  A lumbar epidural injection was recommended in

9   2009.  However, in 2009 the pain management consultant opined that plaintiff's pain symptoms

10   may be attributable in part to psychological stressors and anger issues, and recommended

11   psychological counseling, yoga and physical therapy.  This evidence fails to demonstrate

12   irreparable harm to plaintiff in the absence of immediate prescriptions for morphine and epidural

13   injections.  Similarly, plaintiff's evidence fails to demonstrate an immediate need for thoracic or

14   cervical surgery.  See n.7 (Exs. 10 & 15).

15        The fact that plaintiff's pending motion for injunctive relief reflects the ultimate issues in

16   this case renders preliminary injunctive relief inappropriate.  "Since the ultimate issues in this

17   lawsuit are inextricably intertwined with the assertions in this motion for injunctive relief, a ruling

18   on the motion might be perceived as speaking in some way to the ultimate issues in this case.  In

19   such instances, the Court should refrain from prematurely granting such relief."  Green v.

20   Hawkinberry, 2015 WL 507057, at *3, 2015 U.S. Dist. LEXIS 14597, at *7 (W.D. Pa. Feb. 6,

21   2015) (collecting cases), reconsideration denied, 2015 WL 757407, 2015 U.S. Dist. LEXIS 21260

22   (W.D. Pa. Feb. 23, 2015).[8]  See also Wesley v. Sec'y Pennsylvania Dep't of Corr., 569 Fed.

23   _____

24   benefits); Ex. 17 (May 26, 2009 letter to plaintiff from CSATF Chief Medical Officer addressing
     plaintiff's concerns about his medical care); Ex. 18 (Apr. 13, 2014 letter from plaintiff to

25   defendant Swingle, HDSP Chief Medical Officer, requesting that plaintiff not be transferred back
     to HDSP from CSATF).

26   [8]  "[I]n a case . . . where the inmate-[p]laintiff's request for immediate relief in his motion for
     preliminary injunction necessarily seeks resolution of one of the ultimate issues presented in [the]

27   . . . Complaint, . . . [the] [p]laintiff cannot demonstrate that he will suffer irreparable harm if he is
     not granted a preliminary injunction, because the ultimate issue presented will be decided either

28   by this Court or at trial.  As a result, [p]laintiff's motion for preliminary injunction should be

1  Appx. 123, 125 (3d Cir. 2014) (plaintiff "sought the same ultimate injunctive relief that he sought

2  in his complaint," suggesting "a disagreement about a course of medical treatment provided in a

3  prison.  Accordingly, the likelihood of [plaintiff's] success on the merits was unclear. . . . [and he]

4  did not make a clear showing of immediate irreparable harm.").  For these reasons, the court finds

5  that plaintiff has failed to demonstrate a likelihood of success on the merits of this action, or

6  irreparable harm in the absence of preliminary injunctive relief.

7       Finally, the balance of equities weighs in favor of defendants to the extent that plaintiff

8  seeks preliminary relief on ultimate issues in this case, while the public interest weighs in favor

9  of noninterference in prison administration.  "Defendants' interests and the public interests in

10  penological order could be adversely [a]ffected if the Court began dictating the treatment for the

11  Plaintiff, one inmate out of thousands in the state prison system."  Green, supra, 2015 WL

12  507057, at *4, 2015 U.S. Dist. LEXIS 14597, at *9-10 (citation and internal punctuation and

13  quotation marks omitted).

14       Because all of the factors warranting preliminary injunctive relief weigh against plaintiff,

15  this court recommends that plaintiff's motion for such relief, ECF No. 174, be denied.

16       V.    Conclusion

17       Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

18       1. Plaintiff's October 7, 2015 motion to stay this action, ECF No. 172, is DENIED as

19  moot; and

20       2. Plaintiff's August 19, 2016 motion to stay this action, ECF No. 187, is DENIED on the

21  merits.

22       Additionally, IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary

23  injunctive relief, ECF No. 174, be DENIED.

24       These findings and recommendations are submitted to the United States District Judge

25  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

26  after being served with these findings and recommendations, any party may file written

27

28  denied."  Green, supra, 2015 WL 507057, at *2, 2015 U.S. Dist. LEXIS 14597, at *8-9.

10

1 | objections with the court and serve a copy on all parties.  Such a document should be captioned

2 | "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

3 | failure to file objections within the specified time may waive the right to appeal the District

4 | Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5 | DATED: August 23, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE