UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER HOWARD WHITE,<br><br>Plaintiff,<br><br>v.<br><br>SMYERS, et al.,<br><br>Defendants. | No. 2:12-cv-2868 MCE AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner, recently paroled, who proceeds pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending are three motions for summary judgment filed, respectively, by defendant Pomazal on June 28, 2017, ECF No. 216; defendant Miranda on June 30, 2017, ECF No. 219; and defendants Lankford, Lee, Mayes, Rofling, Schmidt and Swingle on July 24, 2017, ECF No. 225. Plaintiff has not responded to any of these motions. Moreover, the last two orders of this court for which service was attempted on plaintiff at his address of record, ECF Nos. 221 & 224, were returned as undeliverable. The undersigned's review of the Inmate Locator website operated by the California Department of Corrections and Rehabilitation indicates that plaintiff remains unincarcerated.[1]

---

[1] See http://inmatelocator.cdcr.ca.gov/ This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned.

1

Local Rule 230(l) requires that any opposition or statement of nonopposition to a motion must be served and filed within 21 days after service of the motion. An additional 3 days are added in the instant case because defendants served their motions by mail. See Fed. R. Civ. P. 6(d)). Application of this 24-day deadline to the pending motions required plaintiff to respond to the motions filed by defendants Pomazal and Miranda on or before on July 24, 2017;[2] and to respond to the motion filed by the remaining defendants on or before August 17, 2017. Defendants Pomazal and Miranda have informed the court that service of their respective motions on plaintiff appeared to be successful, but that plaintiff has failed to respond. See ECF Nos. 227, 228.

Plaintiff's failure to respond to any of defendants' motions or otherwise communicate with the court, together with his failure to inform the court of his current address of record, violates the local and federal rules of court. See Local Rule 230(l) ("Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion[.]"); Local Rule 183(b) (authorizing dismissal without prejudice for failure to prosecute if a pro se party fails to keep the court and other parties informed of his or her current address); Local Rule 110 (a party's failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court"); Fed. R. Civ. P. 41(b) (authorizing dismissal of an action due to plaintiff's failure to prosecute or to comply with the local or federal rules); see also ECF No. 34 at 4 (informing the parties in this case that "failure of any party to comply with . . . the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. See Fed. R. Civ. P. 41(b).").

---

Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").
[2] When a deadline falls on a weekend or holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Because the deadline for plaintiff's response to defendant Pomazal's motion ended on Saturday, July 22, 2017, the period continued to run through Monday, July 24, 2017. The deadline for plaintiff's response to defendant Miranda's motion was also July 24, 2017, without additional time.

Pursuant to this authority, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to prosecute. <u>See</u> Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 24, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE